UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | CASE NO.: 15-13429-AJC |
| ALINA ALVAREZ LUJARDO | Chapter 7 |
| Debtor./ | |

### TRUSTEE'S *EX PARTE* APPLICATION FOR EMPLOYMENT OF ATTORNEY *NUNC PRO TUNC* TO APRIL 6, 2015

**Ross R. Hartog**, the chapter 7 trustee (the "Trustee") for the estate of Alina Alvarez Lujardo (the "Debtor"), requests an order of the court, on an *ex parte* basis pursuant to 11 U.S.C. § 327(a), Rule 2014(a), Fed. R. Bank. P., and Local Rule 9013-1(C)(3), authorizing the employment of John H. Lee, Esquire and the law firm of Markowitz, Ringel, Trusty & Hartog, P.A. (collectively, the "Firm") to represent the Trustee in this case as general counsel, *nunc pro tunc* to April 6, 2015. In support of this application (the "Application"), the Trustee states:

1. On February 25, 2015, the Debtors filed a voluntary chapter 7 bankruptcy petition commencing this case.

2. Ross R. Hartog was appointed as the Chapter 7 trustee.

3. It is necessary for the Trustee to employ an attorney for representation in this case to perform ordinary and necessary legal services required in the administration of the estate.

4. The Trustee believes that the Firm is qualified to practice in the Bankruptcy Court and is qualified to advise him with his duties as a Chapter 7 trustee.

5. Neither the Firm, nor its affiliated attorneys hold or represent any interest adverse to the estate and the firm is otherwise disinterested as required by 11 U.S.C. §327(a).

6.  Attached hereto as **Exhibit "A"**, is a declaration identifying the Firm's connections with the Debtor, creditors, and interested parties and their respective counsel and the office of the United States Trustee as required by Rule 2014(a), Fed.R.Bank.P. The declaration demonstrates the Firm is disinterested as required by 11 U.S.C. § 327(a).

7.  The Firm has agreed to be compensated in accordance with 11 U.S.C. § 330.

8.  In light of the foregoing, the Trustee believes the employment of the Firm as counsel to the Trustee would be in the best interest of the estate.

WHEREFORE, the Trustee respectfully requests entry of an order (a) authorizing the employment of the Firm as general counsel to the Trustee *nunc pro tunc* to April 6, 2015, pursuant to 11 U.S.C. § 327(a); (b) authorizing the Firm to be compensated pursuant to 11 U.S.C. § 330; and (c) granting such other and further relief as the court deems just and proper.

By: _____
Ross R. Hartog
Chapter 7 Trustee
9130 South Dadeland Blvd, Ste 1800
Miami, FL 33156
Phone: 305-670-5000
Fax: 305-670-5011

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the *foregoing* was served on all counsel of record or pro se parties identified on the attached Service List via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case on April 22, 2015.

Dated: April 22, 2015	MARKOWITZ, RINGEL, TRUSTY & HARTOG, P.A.
*Proposed Counsel to Chapter 7 Trustee*
9130 South Dadeland Boulevard, Suite 1800
Miami, Florida 33156
Tel. (305) 670-5000
Fax. (305) 670-5011

By: /s/ *John H. Lee*
John H. Lee, Esq.
Florida Bar No. 91795
jlee@mrthlaw.com

564026

*In re Alina Alvarez Lujardo*
Case No. 15-13429-AJC
<u>Service List</u>

**15-13429-AJC Notice will be electronically mailed to:**

Ross R Hartog
rhartog@mrthlaw.com,  FL81@ecfcbis.com;rhartog@ecf.epiqsystems.com

Alice A Blanco
flecf@aclawllp.com

Maite L. Diaz
mdiazcourt@gmail.com,maitediaz@notify.cincompass.com,ecfdiaz@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

EXHIBIT "A"

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | CASE NO.: 15-13429-AJC |
| ALINA ALVAREZ LUJARDO | Chapter 7 |
| Debtor./ | |

**DECLARATION OF PROPOSED CHAPTER 7 COUNSEL TO THE TRUSTEE**

**JOHN H. LEE**, pursuant to 28 U.S.C. § 1746, does state:

1. I am an attorney admitted to practice in the State of Florida, the United States District Court for the Southern District of Florida, and the United States Bankruptcy Court for the Southern District of Florida.

2. I am employed by the law firm of Markowitz, Ringel, Trusty & Hartog, P.A. (the "Firm"), out of its Miami office located at 9130 South Dadeland Boulevard, Suite 1800, Miami, Florida 33156.

3. This declaration is prepared pursuant to Rule 2014(a), Fed.R.Bank.P., to identify the Firm's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee.

4. After conducting a review of the Firm's records and to the best of my knowledge and belief, I identified the following connections:

    A.    **Debtor**: NONE

B. **Creditors**[1]. The Firm has some connections with creditors of the Debtor.

    I.    <u>Creditor Representation - Closed</u>. The Firm has represented the following creditors in the past on matters wholly unrelated to this case and all such matters are now closed:

        a.    Bank of America

        b.    Capital One

        c.    Wells Fargo Bank NA

        d.    American Express

        e.    Citi

        f.    Citibank

        g.    Discover Fin Svcs LLC

        h.    Ocean Bhank

        i.    BankUnited

    II.    <u>Creditor Representation - Open</u>. The Firm currently represents creditors on matters wholly unrelated to this case:

        a.    Wells Fargo Bank, NA

        b.    BankUnited

    III.    <u>Representation Adverse to Creditors - Closed</u>. The Firm has represented parties adverse to creditors on matters wholly unrelated to this case and all such matters are now closed:

        a.    Bank of America

        b.    Capital One

        c.    Citibank

---

[1] There are creditors listed in the Debtor's schedules that appear in the Firm's conflict check system, but which may or may not be the same entity that the Firm has or had a connection with (for example, Citi is listed as creditor of the Debtor and our firm's conflict check reflects Citifinancial as an active matter for which the Firm is adverse). In an abundance of caution, this declaration identifies the Firm's connections by the creditor reflected in the Debtor's schedules and presumes the creditor is the same entity appearing in the Firm's conflict check system. If, however, there is a full name of creditor specified in the Debtor's schedules, the Firm only includes such creditor if the name in the Firm's conflict check system is an exact match.

    d.    Dell Financial Services

    e.    American Express

    f.    AMEX

    g.    Bank Atlantic II

    h.    Bk of Amer

    i.    Cap 1/bstby

    j.    Chase Card

    k.    Citi

    l.    Comenity Bank/Vctrssec

    m.    Discover Fin Svcs LLC

    n.    Dsnb Macys

    o.    Internal Revenue Service

    p.    Ocean Bank

    q.    Sears/Cbna

    r.    Syncb/Care Credit

    s.    Syncb/Gap

    t.    Syncb/Lowes

    u.    Syncb/Old Navy

    v.    Syncb/Sams Club

    w.    Target NB

    x.    Thd/Cbna

    y.    United State Attorney

    z.    BankUnited

    IV.    <u>Representation Adverse to Creditors – Open</u>.    The Firm presently represents parties adverse to creditors on matters wholly unrelated to this case:

    a.    Bank of America

    b.    Capital One

    c.     Citibank

    d.     Dell Financial Services

    e.     Wells Fargo Bank NA

    f.     American Express

    g.     AMEX

    h.     Bk of Amer

    i.     Cap 1/bstby

    j.     Cap 1/neimn

    k.     Chase Card

    l.     Citi

    m.     Citibank

    n.     Citibank/The Home Depot

    o.     Comenity Bank/Amsgnfrn

    p.     Comenity Bank/New York & Co

    q.     Comentity Bank/Nwyrk&Co

    r.     Comenity Bank/Vctrssec

    s.     Discover Fin Svcs LLC

    t.     Dsnb Macys

    u.     GECRB/Dillards

    v.     Gecrb/Old Navy

    w.     GECRB/Lowes

    x.     Gecrb/Sams Club

    y.     Gemb/Walmart

    z.     Internal Revenue Service

    aa.    Nordstrom FSB

    bb.    Ocean Bank

    cc.    Sears/Cbna

  dd. Special Asst. U.S. Attorney

  ee. Syncb/banana Rep

  ff. Syncb/Care Credit

  gg. Syncb/Dillard

  hh. Syncb/Gap

  ii. Syncb/Lowes

  jj. Syncb/Old Navy

  kk. Syncb/Sams Club

  ll. Syncb/tjx Cos

  mm. Syncb/Walmart

  nn. Target NB

  oo. Thd/Cbna

  pp. US Attorney General

  qq. United States Attorney

  rr. BankUnited

 V. <u>Representation Related to This Case</u>.  The Firm has represented parties on matters related to this case: **NONE**

 C. **<u>Other Parties in Interest</u>**.  The Trustee is a shareholder of the Firm.

 D. **<u>United States Trustee</u>**.  An associate of the firm, Timothy Bow, interned with the Office of the United States Trustee, from September 2012 to March 2013.  The Firm has no other connections with the United States Trustee, nor any person employed in the Office of the United States Trustee.

 5. I would last note that Tim Bow, in addition to his employment with the Firm, serves as the coordinator of various bankruptcy clinics maintained and operated by several local law schools and the Put Something Back Program of Dade County Legal Aid.  This position is paid through an endowment of the Bankruptcy Bar Foundation for the Southern District of Florida

6.     Based upon the foregoing representations, I do not believe that I or the Firm hold or represent any interest adverse to the estate, and that we are disinterested persons as required by 11 U.S.C. § 327(a).

## Declaration – 28 U.S.C. § 1746

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 22, 2015.

                          */s/ John H. Lee*
                          JOHN H. LEE
                          Florida Bar No. 91795