UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| IN RE: | CASE NO.: 15-13429-AJC |
|---|---|
| ALINA ALVAREZ LUJARDO | Chapter 7 |
| Debtor./ | |

**TRUSTEE'S MOTION TO COMPEL**
**TURNOVER OF DOCUMENTS FROM DEBTOR**

Ross R. Hartog, as Chapter 7 Trustee of the Bankruptcy Estate of Alina Alvarez Lujardo (the "Trustee"), through counsel and pursuant to 11 U.S.C. §§ 521, 541 and 542 of the Bankruptcy Code, files this Motion to Compel Turnover of Documents from Debtor (the "Motion to Compel"), and in support thereof, states as follows:

1.      This case commenced with the filing of a voluntary Chapter 7 Petition by the Debtor on February 25, 2015. Ross R. Hartog is the duly appointed Chapter 7 Trustee.

2.      By e-mail dated April 20, 2015 (the "Document Request"), the Trustee requested information and documentation from the Debtor necessary for the proper administration of this Estate. A true and correct copy of the Document Request is attached as Exhibit "A."

3.      Trustee's counsel has followed up multiple times requesting the documents. Despite repeated requests via email, the Trustee has not received any of the information and documentation requested in the Document Request. Trustee's counsel has made a good faith effort to resolve this matter prior to filing this motion, but the Debtor has still not provided the documents responsive to the Document Request.

1

4. The information and documentation sought in the Document Request is property of the Estate pursuant to 11 U.S.C. § 541, and subject to turnover pursuant to 11 U.S.C. § 542.

5. Moreover, 11 U.S.C. § 521(a)(3) requires a debtor to "... cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;" and 11 U.S.C. § 521(a)(4) requires a debtor to "... surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate..."

6. The Debtor's failure to turn over the information and documentation requested in the Document Request not only violates the Debtor's duties under 11 U.S.C. §§ 521(a)(3) and (4), but is severely prejudicing the Trustee's administration of this Estate. In addition, without the requested information and documentation, the Trustee is unable to determine the exact amount of the Debtor's over-exemption for settlement purposes.

## II. Requested Relief

7. Accordingly, the Trustee seeks entry of an order compelling the Debtor to immediately turn over all information and documentation requested in the Document Request.

**WHEREFORE**, Ross R. Hartog, as Chapter 7 Trustee of the Bankruptcy Estate of Alina Alvarez Lujardo, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) directing the Debtor immediately turn over all information and documentation requested in the Document Request; and (3) granting such other and further relief as this Court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing was served on all counsel of record or pro se parties identified on the attached Service List via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case on May 13, 2015.

Dated: May 13, 2015            MARKOWITZ, RINGEL, TRUSTY & HARTOG, P.A.
                               *Counsel to Chapter 7 Trustee*
                               9130 South Dadeland Boulevard, Suite 1800
                               Miami, Florida  33156
                               Tel. (305) 670-5000
                               Fax. (305) 670-5011

                               By: /s/ *John H. Lee*
                                   John H. Lee, Esq.
                                   Florida Bar No. 91795
                                   jlee@mrthlaw.com

568839

*In re Alina Alvarez Lujardo*
Case No. 15-13429-AJC
**Service List**

**15-13429-AJC Notice will be electronically mailed to:**

Alice A Blanco on behalf of Creditor Wells Fargo Bank, NA
flecf@aclawllp.com

Maite L. Diaz, Esq. on behalf of Debtor Alina Alvarez Lujardo
mdiazcourt@gmail.com, maitediaz@notify.cincompass.com,ecfdiaz@gmail.com

Ross R Hartog
rhartog@mrthlaw.com, FL81@ecfcbis.com;rhartog@ecf.epiqsystems.com

John H Lee on behalf of Trustee Ross R Hartog
jlee@mrthlaw.com,
ecfnotices@mrthlaw.com,mrthbkc@gmail.com,jgarey@mrthlaw.com,ycandia@mrthlaw.com,gruiz@mrthlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**15-13429-AJC Notice will be mailed to:**

**Alina Alvarez Lujardo**
2231 SW 82nd Pl
Miami, FL 33155-1250

# Exhibit "A"

# John H. Lee

| | |
|---|---|
| **From:** | John H. Lee |
| **Sent:** | Monday, April 20, 2015 4:18 PM |
| **To:** | 'mdiaz@attorneydiaz.com' |
| **Cc:** | Ross Hartog |
| **Subject:** | Lujardo, Alina A.; case no 15-13429 (document request) |

Dear Ms. Diaz,

I am writing on behalf of the Chapter 7 Trustee of the above-referenced bankruptcy estate (the "Estate").

Upon review of the Debtor's petitions, schedules and other provided information, the Trustee requires certain clarifications and additional information in order to properly administer this estate, as follows:

1. Please provide copies of account statements reflecting the activity and balance of all bank accounts that the Debtor may have an interest, including all accounts listed on Schedule "B" for the twelve month period, up to and including the date the Debtor filed the bankruptcy petition (the "Petition Date"). Please also include a detailed explanation and copies of any supporting documentation, including cancelled checks) as to the disposition of all withdrawals or credits greater than $500 for the twelve (12) month period prior to the Petition Date, including the name and relationship to the Debtor of any recipient of said funds.
2. Please provide copies of account statements reflecting the activity and balance of all bank accounts closed by the Debtor(s) within the twelve (12) month period prior to the Petition Date for the six (6) month period up to and including the date the Debtor(s) closed the bank account. Please also include a detailed explanation and copies of any supporting documentation as to the disposition of all withdrawals or credits greater than $500 for the six (6) month period, prior to the date that the account was closed, including the name and relationship to the Debtor(s) of any recipient of said funds.
3. Debtor's schedule J indicates that she is making payments for a vehicle. Can you please explain what vehicle she is paying for in light of the fact that she does not list ownership of a vehicle in Schedule "B."
4. Please provide photographs of all personal property listed on Lines 4 through 25 of Schedule "B."
5. Please provide any and all Federal Income Tax Forms filed on behalf of the Debtor (including Forms 1040, 1040-A, W-2 forms, and all other attached schedules) for the years 2011, 2012, 2013, and 2014, if the Debtor's 2014 taxes have been filed.
    a. Debtor's 2011 taxes seem to indicate that the Debtor has an ownership interest in an Ecuadorian company, Terrasolustions Implementos Agricoloas CIA, LTDA. Please explain what is or was this company. If the Debtor had an ownership interest in this company please provide all documents requested below in paragraphs 6- 10.
6. Paragraph 18 of the Statement of Financial Affairs (the "SOFA") reflects Debtor(s)' interest in E Blooms Direct, Inc., In Bloom Group LLC, and AAA investment corp. (the "Businesses"). Please provide true and correct copies of all state and federal income tax returns (including but not limited to forms 1120, 1040, 1040-A, W-2 forms, and all other attached schedules) and all personal property tax returns (tangible or intangible) filed by the Debtor or on the Debtor behalf for the Businesses for the past five years, whether filed with the United States government, the government of any state or municipality, or the government of any foreign country.
7. Please provide the Articles of Incorporation, Bylaws, all annual reports filed with the Secretary of State (or equivalent authority) and all agreements and documents reflecting both current ownership in the Businesses and any change in Business ownership since the inception of the businesses.
8. Please provide all financial statements, inventories and schedules reflecting the Businesses' assets, liabilities, income and net worth, whether prepared by the Debtor or on the Debtor's behalf, for the past five years.
9. Please provide copies of account statements reflecting the activity and balance of all Businesses' bank accounts in which the Debtor may have an interest, including, without limitation, all accounts listed on Schedule "B" and all other unscheduled accounts for the twenty four (24) month period up to and including the date the Debtor filed the bankruptcy petition (the "Petition Date").

10. Please provide all records which would identify all real property in which the Businesses have an interest of any kind and the nature and present status of that interest, whether such property is located within or outside the United States of America, and whether or not record title to such property has been in the Debtor's name, or in any other name or names , including, but not limited to, deeds, mortgages, leases and trust agreements pertaining to such interest.

Thank you for your timely cooperation and we look forward to working with you. Should you have any questions or concerns, please do not hesitate to contact the undersigned.

John




John H. Lee, Esq.
MARKOWITZ RINGEL TRUSTY + HARTOG
9130 South Dadeland Boulevard
Suite 1800
Miami, Florida  33156-7858
t:  305.670.5000
f:  305.670.5011
e: jlee@mrthlaw.com
w: www.mrthlaw.com

**This email and any attachments are confidential and legally privileged. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you have received this in error, please notify the sender by reply email and then delete the email completely from your system. This email and any attachments have been scanned for viruses, but it is the responsibility of the recipient to conduct their own security measures and no responsibility is accepted by Markowitz, Ringel, Trusty & Hartog, P.A. for loss or damage arising from the receipt or use of this email. Further, no responsibility is accepted by Markowitz, Ringel, Trusty & Hartog, P.A. for personal email, or email not connected with the firm's or clients' business.
IRS Circular 230 Disclosure - TAX MATTERS: To ensure compliance with IRS requirements, this is to inform you that any tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. If you would like such advice, please contact us.**