UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:  CASE NO.: 15-13429-AJC

ALINA ALVAREZ LUJARDO  Chapter 7

Debtor./

## TRUSTEE'S (A) MOTION TO APPROVE EXCLUSIVE RIGHT OF SALE LISTING AGREEMENT; AND (B) APPLICATION TO EMPLOY REAL ESTATE BROKER

Ross R. Hartog, the Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of Alina Alvarez Lujardo (the "Debtor") files this (A) Motion to Approve Exclusive Right of Sale Listing Agreement (the "Motion") and (B) Application to Employ Jose Carlos Blanco and Blanco Realty Services ("BRS") as a Real Estate Broker (the "Application").  In support of the Motion and the Application, the Trustee states as follows:

1. On February 25, 2015, the Debtor filed a voluntary chapter 7 bankruptcy petition commencing the instant case.

2. Ross R. Hartog was appointed the Chapter 7 Trustee.

3. The Debtor owns certain real property located at 8777 Collins Avenue, #603, Surfside, Florida  33154  (the "Property"), legally described as follows:

> CHAMPLAIN TOWERS SOUTH CONDO, UNIT 603
> UNDIV .006347%, INT IN COMMON ELEMENTS
> OFF REC 11191-35, OR 14545-1593 0490 1,
> COC 24535-0374 05 2006 1.

4. The Property is not claimed as exempt.

5. Upon information and belief, there is at least one mortgage securing the Property. Pursuant to the Debtor's schedules, the secured debt on the Property is $429,723.00.

6.   While the Trustee does not believe there is equity in the Property, he believes that the Property is a short sale candidate.

7.   The Trustee proposes BRS to be the exclusive listing agent for the Property.

8.   Attached to the Application as **Exhibit "A"** is an affidavit of Jose Carlos Blanco (the "Affidavit") demonstrating that BRS is disinterested as required by 11 U.S.C. § 327(a) and a verified statement as required under Federal Rule of Bankruptcy Procedure 2014.  To the best of the undersigned's knowledge, BRS does not have any connection with the Debtors or other parties in interest or their respective attorneys and BRS does not hold any interest adverse to the estate except as set forth in the Affidavit.

9.   The Trustee and BRS agree to enter into an Exclusive Right of Sale Listing Agreement (the "Exclusive Sales Contract") which provides BRS with the exclusive right to sell the Property.  A copy of the Exclusive Sales Contract is attached hereto as **Exhibit "B"**.

10.  The Exclusive Sales Contract provides as follows:

   a.  The period of the Exclusive Sales Contract shall begin upon Bankruptcy Court approval and shall continue through the earlier of (1) completion of the sale of the Property or (2) November 30, 2015;

   b.  Compensation for sale of the Property shall be six percent (6%) of the gross purchase price.  The brokerage commission shall be paid to Realty World International Gateway.  If there is a cooperating broker involved in the sale of the Property, BRS and the cooperating broker shall each receive compensation of three percent (3%) of the gross purchase price.

   c.  BRS shall advertise the Property for sale in commercially reasonable ways, including listing services and internet websites.

11.  The standard commission for residential real property in our area is typically six percent (6%).

12.  Therefore, the Trustee seeks approval of the Exclusive Sales Contract and authority to fully perform and pay BRS its commission pursuant to the Exclusive Sales Contract.

WHEREFORE, the Trustee respectfully requests entry of an order (a) granting the Application; (b) authorizing the Trustee's retention of Blanco Realty Services as a Real Estate Broker to market and sell the Property by way of a traditional or short sale; (c) granting the Motion; (d) approving the Exclusive Sales Contract and the payment to BRS its commission in accordance with said contract; and (e) granting such other and further relief as the court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail and/or on all counsel of record or parties identified on the attached Service List via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case on May 21, 2015.

Dated:  May 21, 2015					MARKOWITZ, RINGEL, TRUSTY & HARTOG, P.A.
							*Counsel to Chapter 7 Trustee*
							9130 South Dadeland Boulevard, Suite 1800
							Miami, Florida  33156
							Tel. (305) 670-5000
							Fax. (305) 670-5011

							By:   /s/ *John H. Lee*
								John H. Lee, Esq.
								Florida Bar No. 91795
								Email: jlee@mrthlaw.com

567683

*In re Alina Alvarez Lujardo*
Case No. 15-13429-AJC
<u>Service List</u>

**Via Electronic Mail:**

Alice A Blanco on behalf of Creditor Wells Fargo Bank, NA
flecf@aclawllp.com

Maite L. Diaz, Esq. on behalf of Debtor Alina Alvarez Lujardo
mdiazcourt@gmail.com, maitediaz@notify.cincompass.com,ecfdiaz@gmail.com

Ross R Hartog
rhartog@mrthlaw.com, FL81@ecfcbis.com;rhartog@ecf.epiqsystems.com

John H Lee on behalf of Trustee Ross R Hartog
jlee@mrthlaw.com,
ecfnotices@mrthlaw.com,mrthbkc@gmail.com,jgarey@mrthlaw.com,ycandia@mrthlaw.com,gruiz@mrthlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**Via U.S. Mail:**

J.C. Blanco
Blanco Realty Services
6780 Coral Way
Miami, FL 33155

# Exhibit A
Declaration of Jose Carlos Blanco

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE: | CASE NO.: 15-13429-AJC

ALINA ALVAREZ LUJARDO | Chapter 7

Debtor./

## DECLARATION OF JOSE CARLOS BLANCO AND
## BLANCO REALTY SERVICES AS REAL ESTATE BROKER

JOSE CARLOS BLANCO, under penalty of perjury, states as follows:

1. I am a licensed real estate broker in the State of Florida and am over the age of eighteen (18).

2. Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

3. I am a real estate broker at Blanco Realty Services ("BRS"). I am familiar with the matters set forth in this Affidavit in support of the *Trustee's Ex Parte Application To Employ Real Estate Broker and Motion to Approve Exclusive Right Of Sale Listing Agreement* (the "Application").

4. I have reviewed the proposed employment terms in the Application, and I am willing to accept employment by the Trustee pursuant to these terms.

5. Neither BRS nor I represent any interest adverse to Ross Hartog, the Chapter 7 Trustee ("Trustee"), the Debtor, or the bankruptcy estate, and we are therefore "disinterested parties" as required by 11 U.S.C. § 327(a) and within the scope and meaning of Section 101 (14) of the Bankruptcy Code. I note the following connections with the Trustee: (a) I am married to

Leyza Blanco, a bankruptcy attorney who is a partner or shareholder of Gray Robinson; my wife and her firm are active in the Southern District of Florida and represent the interests of various bankruptcy trustees, creditors and other parties in bankruptcy cases and proceedings, none of which involve this bankruptcy case, but may be (or have been) adverse to the Trustee in those other cases/proceedings; (b) my wife and I, as a married couple, have purchased property from a bankruptcy estate in which the Trustee was the chapter 7 trustee; and (c) BRS and I have been employed by the Trustee as the Trustee's real estate broker in other bankruptcy cases. None of the foregoing connections are related in any way to this bankruptcy case.

6.   Neither BRS nor I will represent any other entity in connection with this case and neither I nor the firm will accept any fee from any other party or parties in this case, except the Chapter 7 Trustee, unless otherwise authorized by the Court.

7.   Neither BRS nor I hold a pre-petition or other claim against the bankruptcy estate.

8.   Neither BRS nor I have any connection with the above captioned chapter 7 Debtor, and I do not plan to represent the Debtor in the future.

9.   I have not received a retainer from the Trustee, the Debtor, the estate or any third party.

10.   This concludes my declaration.

### Declaration – 28 U.S.C. § 1746

I declare under penalty of perjury that the foregoing is true and correct. Executed on May _12_, 2015.

_____
JOSE CARLOS BLANCO

# Exhibit B
Exclusive Sales Contract

**Exclusive Right of Sale Listing Agreement**
FLORIDA ASSOCIATION OF REALTORS®

This Exclusive Right of Sale Listing Agreement ("Agreement") is between
 ROSS HARTOG          TRUSTEE FOR THE ESTATE OF    Alina Alvarez Lujardo                              ("Seller") and

 BLANCO REALTY SERVICES                                                                                  ("Broker").

1. AUTHORITY TO SELL PROPERTY: Seller gives Broker the EXCLUSIVE RIGHT TO SELL the real and personal property (collectively "Property") described below, at the price and terms described below, beginning the 1st    day of  June              , 2015  , and terminating at 11:59 p.m. the 30th    day of November             ,2015   ("Termination Date"). Upon full execution of a contract for sale and purchase of the Property, all rights and obligations of this Agreement will automatically extend through the date of the actual closing of the sales contract. Seller and Broker acknowledge that this Agreement does not guarantee a sale. This Property will be offered to any person without regard to race, color, religion, sex, handicap, familial status, national origin or any other factor protected by federal, state or local law. Seller certifies and represents that he/she/it is legally entitled to convey the Property and all improvements.

2. DESCRIPTION OF PROPERTY:
   (a) Real Property Street Address:  8777 Collins Ave #603, Surfside, FL 33154

   Legal Description:  CHAMPLAIN TOWERS SOUTH CONDO UNIT 603 UNDIV .006347% INT IN COMMON ELEMENTS
                OFF REC 11191-35 OR 14545-1593 0490 1 COC 24535-0374 05 2006 d ALBERT ESKENAZI COC
   (b) Personal Property, including appliances: _____
   _____ ❏ See Attachment _____
   (c) Occupancy: Property ❏ is  ☑ is not currently occupied by a tenant. If occupied, the lease term expires _____.

3. PRICE AND TERMS: The property is offered for sale on the following terms, or on other terms acceptable to Seller:
   (a) Price: $ 485,000
   (b) Financing Terms: ☑ Cash ☑ Conventional ❏ VA ❏ FHA ❏ Other _____
   ❏ Seller Financing: Seller will hold a purchase money mortgage in the amount of $_____ with the following terms: _____
   ❏ Assumption of Existing Mortgage: Buyer may assume existing mortgage for $_____ plus an assumption fee of $_____. The mortgage is for a term of _____ years beginning in _____, at an interest rate of _____% ❏ fixed ❏ variable (describe) _____.
   Lender approval of assumption ❏ is required ❏ is not required ❏ unknown. Notice to Seller: You may remain liable for an assumed mortgage for a number of years after the Property is sold. Check with your lender to determine the extent of your liability. Seller will ensure that all mortgage payments and required escrow deposits are current at the time of closing and will convey the escrow deposit to the buyer at closing.
   (c) Seller Expenses: Seller will pay mortgage discount or other closing costs not to exceed _____% of the purchase price; and any other expenses Seller agrees to pay in connection with a transaction.

4. BROKER OBLIGATIONS AND AUTHORITY: Broker agrees to make diligent and continued efforts to sell the Property until a sales contract is pending on the Property. Seller authorizes Broker to:
   (a) Advertise the Property as Broker deems advisable in newspapers, publications, computer networks, including the Internet and other media; place appropriate transaction signs on the Property, including "For Sale" signs and "Sold" signs (once Seller signs a sales contract); and use Seller's name in connection with marketing or advertising the Property;
   (b) Obtain information relating to the present mortgage(s) on the Property.
   (c) Place the property in a multiple listing service(s) (MLS). Seller authorizes Broker to report to the MLS/Association of Realtors® this listing information and price, terms and financing information on any resulting sale. Seller authorizes Broker, the MLS and/or Association of Realtors® to use, license or sell the active listing and sold data.
   (d) Provide objective comparative market analysis information to potential buyers; and
   (e) (Check if applicable) ☑ Use a lock box system to show and access the Property. A lock box does not ensure the Property's security; Seller is advised to secure or remove valuables. Seller agrees that the lock box is for Seller's benefit and releases Broker, persons working through Broker and Broker's local Realtor Board/Association from all liability and responsibility in connection with any loss that occurs. ☑ Withhold verbal offers. ❏ Withhold all offers once Seller accepts a sales contract for the Property.
   (f) Act as a transaction broker.

5. SELLER OBLIGATIONS: In consideration of Broker's obligations, Seller agrees to:
   (a) Cooperate with Broker in carrying out the purpose of this Agreement, including referring immediately to Broker all inquiries regarding the Property's transfer, whether by purchase or any other means of transfer.
   (b) Provide Broker with keys to the Property and make the Property available for Broker to show during reasonable times.
   (c) Inform Broker prior to leasing, mortgaging or otherwise encumbering the Property.

(d) To indemnify **Broker** and hold **Broker** harmless from losses, damages, costs and expenses of any nature, including attorney's fees, and from liability to any person, that **Broker** incurs because of (1) **Seller's** negligence, representations, misrepresentations, actions or inactions, (2) the use of a lock box, (3) the existence of undisclosed material facts about the Property, or (4) a court or arbitration decision that a broker who was not compensated in connection with a transaction is entitled to compensation from **Broker**. This clause will survive **Broker's** performance and the transfer of title.
(e) To perform any act reasonably necessary to comply with FIRPTA (Internal Revenue Code Section 1445).
(f) Make all legally required disclosures, including all facts that materially affect the Property's value and are not readily observable or known by the buyer. **Seller** represents there are no material facts (building code violations, pending code citations, unobservable defects, etc.) other than the following: <u>The Trustee has no knowledge and cannot advise about building code violations, pending code citations, unobservable defects, etc. Buyers must do their own due diligence.</u>
**Seller** will immediately inform **Broker** of any material facts that the Trustee becomes aware of after signing this Agreement.
(g) Consult appropriate professionals for related legal, tax, property condition, environmental, foreign reporting requirements and other specialized advice.

6. **COMPENSATION:** **Seller** will compensate **Broker** as specified below for procuring a buyer who is ready, willing and able to purchase the Property or any interest in the Property on the terms of this Agreement or on any other terms acceptable to **Seller**. **Seller** will pay **Broker** as follows (plus applicable sales tax):
(a) _____<u>6.0</u>% of the total purchase price OR $_____, no later than the date of closing specified in the sales contract. However, closing is not a prerequisite for **Broker's** fee being earned.
(b) _____<u>6.0</u> ($ or %) of the consideration paid for an option, at the time an option is created. If the option is exercised, **Seller** will pay **Broker** the paragraph 6(a) fee, less the amount **Broker** received under this subparagraph.
(c) _____<u>10.0</u> ($ or %) of gross lease value as a leasing fee, on the date **Seller** enters into a lease or agreement to lease, whichever is soonest. This fee is not due if the Property is or becomes the subject of a contract granting an exclusive right to lease the Property.
(d) **Broker's** fee is due in the following circumstances: (1) If any interest in the Property is transferred, whether by sale, lease, exchange, governmental action, bankruptcy or any other means of transfer, regardless of whether the buyer is secured by **Broker**, **Seller** or any other person. (2) If **Seller** refuses or fails to sign an offer at the price and terms stated in this Agreement, defaults on an executed sales contract or agrees with a buyer to cancel an executed sales contract. (3) If, within __<u>180</u>__ days after Termination Date ("Protection Period"), **Seller** transfers or contracts to transfer the Property or any interest in the Property to any prospects with whom **Seller**, **Broker** or any real estate licensee communicated regarding the Property prior to Termination Date. However, no fee will be due **Broker** if the Property is relisted after Termination Date and sold through another broker.
(e) Retained Deposits: As consideration for **Broker's** services, **Broker** is entitled to receive __<u>10</u>__% of all deposits that **Seller** retains as liquidated damages for a buyer's default in a transaction, not to exceed the paragraph 6(a) fee.

7. **COOPERATION AND COMPENSATION WITH OTHER BROKERS:** **Broker's** office policy is to cooperate with all other brokers except when not in **Seller's** best interest: ☑ and to offer compensation in the amount of _____<u>3.0</u>% of the purchase price or $_____ to **Buyer's** agents, who represent the interest of the buyers, and not the interest of **Seller** in a transaction; ☑ and to offer compensation in the amount of _____<u>3.0</u>% of the purchase price or $_____ to a broker who has no brokerage relationship with the **Buyer** or **Seller**; ☑ and to offer compensation in the amount of _____<u>3.0</u>% of the purchase price or $_____ to Transaction brokers for the **Buyer**; ❏ None of the above (if this is checked, the Property cannot be placed in the MLS.)

8. **BROKERAGE RELATIONSHIP:**

**TRANSACTION BROKER NOTICE**

As a transaction broker, _____ and its associates, provides to you a limited form of representation that includes the following duties:
1. Dealing honestly and fairly;
2. Accounting for all funds;
3. Using skill, care, and diligence in the transaction;
4. Disclosing all known facts that materially affect the value of residential real property and are not readily observable to the buyer;
5. Presenting all offers and counteroffers in a timely manner, unless a party has previously directed the licensee otherwise in writing;
6. Limited confidentiality, unless waived in writing by a party. This limited confidentiality will prevent disclosure that the seller will accept a price less than the asking or listed price, that the buyer will pay a price greater than the price submitted in a written offer, of the motivation of any party for selling or buying property, that a seller or buyer will agree to financing terms other than those offered, or of any other information requested by a party to remain confidential; and
7. Any additional duties that are entered into by this or by separate written agreement.

Limited representation means that a buyer or seller is not responsible for the acts of the licensee. Additionally, parties are giving up their rights to the undivided loyalty of the licensee. This aspect of limited representation allows a licensee to facilitate a real estate transaction by assisting both the buyer and the seller, but a licensee will not work to represent one party to the detriment of the other party when acting as a transaction broker to both parties.

| _5/21/15_ | _[signature]_ | _____ |
|---|---|---|
| Date | Signature | Signature |

9. **CONDITIONAL TERMINATION:** At **Seller's** request, **Broker** may agree to conditionally terminate this Agreement. If **Broker** agrees to conditional termination, **Seller** must sign a withdrawal agreement, reimburse **Broker** for all direct expenses incurred in marketing the Property and pay a cancellation fee of $ 0.00 plus applicable sales tax. **Broker** may void the conditional termination and **Seller** will pay the fee stated in paragraph 6(a) less the cancellation fee if **Seller** transfers or contracts to transfer the Property or any interest in the Property during the time period from the date of conditional termination to Termination Date and Protection Period, if applicable.

10. **DISPUTE RESOLUTION:** ~~This Agreement will be construed under Florida law. All controversies, claims and other matters in question between the parties arising out of or relating to this Agreement or the breach thereof will be settled by first attempting mediation under the rules of the American Arbitration Association or other mediator agreed upon by the parties. If litigation arises out of this Agreement, the prevailing party will be entitled to recover reasonable attorney's fees and costs, unless the parties agree that disputes will be settled by arbitration as follows: Arbitration: By initialing in the space provided, Seller (___) (___), Listing Associate (___) and Listing Broker (___) agree that disputes not resolved by mediation will be settled by neutral binding arbitration in the county in which the Property is located in accordance with the rules of the American Arbitration Association or other arbitrator agreed upon by the parties. Each party to any arbitration or litigation (including appeals and interpleaders) will pay its own fees, costs and expenses, including attorney's fees, and will equally split the arbitrators' fees and administrative fees of arbitration.~~

11. **MISCELLANEOUS:** This Agreement is binding on **Broker's** and **Seller's** heirs, personal representatives, administrators, successors and assigns. **Broker** may assign this Agreement to another listing office. Signatures, initials and modifications communicated by facsimile will be considered as originals. The term "buyer" as used in this Agreement includes buyers, tenants, exchangors, optionees and other categories of potential or actual transferees.

12. **ADDITIONAL TERMS:** The Trustee has no knowledge and cannot advise about building code violations, pending code citations, unobservable defects, etc. Buyers must do their own due diligence.

10. DISPUTE RESOLUTION: This Agreement will be construed under Florida Law. All controversies, claims and other matters in questions between the parties arising out of or relating to this or the breach there of will be resolved by the Bankruptcy Court of the Southern District of Florida which retains jurisdiction to resolve any dispute.

11. THIS AGREEMENT IS SUBJECT TO THE APPROVAL OF THE U.S. BANKRUPTCY COURT.

Date: 5/21/15    Seller's Signature: _____    Tax ID No: ___-__-____
Telephone #'s: Home _____ Work _____ Cell _____ Fax: _____
Address: _____ E-mail: _____

Date: _____    Seller's Signature: _____    Tax ID No: ___-__-____
Telephone #'s: Home _____ Work _____ Cell _____ Fax: _____
Address: _____ E-mail: _____

Date: _____    Authorized Listing Associate or Broker: _____
Brokerage Firm Name: _____    Telephone: _____
Address: _____

Copy returned to **Customer** on the _____ day of _____, _____ by: ☐ personal delivery ☐ mail ☐ E-mail ☐ facsimile.

The copyright laws of the United States (17 U.S. Code) forbid the unauthorized reproduction of this form by any means including facsimile or computerized forms.

NAME: ROSS HARTOG       TRUSTEE FOR THE ESTATE OF   Alina Alvarez Lujardo
SELLER HAS ☐ HAS NOT ☑ OCCUPIED THE PROPERTY.
DATE SELLER PURCHASED PROPERTY? _____
IS THE PROPERTY CURRENTLY LEASED? NO ☑ YES ☐ TERMINATION DATE OF LEASE: _____
DOES THE PROPERTY CURRENTLY HAVE HOMESTEAD EXEMPTION? NO ☑ YES ☐ YEAR 2014

GENERAL INFORMATION ABOUT PROPERTY:
PROPERTY ADDRESS: 8777 Collins Ave #603, Surfside, FL 33154
LEGAL DESCRIPTION: CHAMPLAIN TOWERS SOUTH CONDO UNIT 603 UNDIV .006347% INT IN COMMON ELEMENTS
OFF REC 11191-35 OR 14545-1593 0490 1 COC 24535-0374 05 2006 1 ALBERT ESKENAZI COC

**NOTICE TO BUYER AND SELLER:**
In Florida, a Seller is obligated to disclose to a Buyer all known facts that materially affect the value of the property being sold and that are not readily observable. This disclosure statement is designed to assist Seller in complying with the disclosure requirements under Florida law and to assist the Buyer in evaluating the property being considered. This disclosure statement concerns the condition of the real property located at above address. It is not a warranty of any kind by the Seller or any Licensee in this transaction. It is not a substitute for any inspections or warranties the parties may wish to obtain. It is based only upon Seller's knowledge of the property condition. This disclosure is not intended to be a part of any contract for sale and purchase. All parties may refer to this information when they evaluate, market, or present Seller's property to prospective Buyers.

**The following representations are made by the Seller(s) and are not the representations of any real estate licensees.**

1. CLAIMS & ASSESSMENTS   |SELLER HAS NO KNOWLEDGE OF PROPERTY|
    a. Are you aware of existing, pending, or proposed legal actions, claims, special assessments, municipal service taxing or benefit unit charges or unpaid assessments (including homeowners' association maintenance fees or proposed increases in assessments and/or maintenance fees) affecting the property? NO ☐ YES ☐ If yes, explain: _____

    b. Have any local, state, or federal authorities notified you that repairs, alterations or corrections of the property are required? NO ☐ YES ☐ If yes, explain: _____

2. DEED/HOMEOWNERS' ASSOCIATION RESTRICTIONS   |SELLER HAS NO KNOWLEDGE OF PROPERTY|
    Are You Aware:
        a. of any deed or homeowner restrictions? NO ☐ YES ☐
        b. of any proposed changes to any of the restrictions? NO ☐ YES ☐
        c. of any resale restrictions? NO ☐ YES ☐
        d. of any restrictions on leasing the property? NO ☐ YES ☐
        e. If any answer to questions 2a-2e is yes, please explain:

        f. Are access roads private ☐ public ☐? If private, describe the terms and conditions of the maintenance agreement: _____
        g. If there is a homeowner association, is membership mandatory? NO ☐ YES ☐, and are fees charged by the homeowner association? NO ☐ YES ☐ If yes, explain: _____

3. PROPERTY-RELATED ITEMS   |SELLER HAS NO KNOWLEDGE OF PROPERTY|
    Are You Aware:
        a. if you have ever had the property surveyed? NO ☐ YES ☐ Date: _____
        b. if the property was surveyed, did you receive an elevation certificate? NO ☐ YES ☐ Date: _____
        c. of any walls, driveways, fences or other features shared in common with adjoining landowners or any encroachments, boundary line disputes, setback violations, or easements affecting the property? NO ☐ YES ☐
        d. of any portion of the property that is fenced? NO ☐ YES ☐
    If any answer to questions 3a-3d is yes, please explain: _____

**4. THE LAND:**   `SELLER HAS NO KNOWLEDGE OF PROPERTY`
Are You Aware:
  a. of any past or present settling, soil movement, or sinkhole problems on the property or on adjacent properties? NO ☐ YES ☐
  b. of any past or present drainage or flood problems affecting the property or adjacent properties? NO ☐ YES ☐
  c. of any past or present problems with driveways, walkways, patios, seawalls, or retaining walls on the property or adjacent properties due to drainage, flooding, or soil movements? NO ☐ YES ☐
  If any answer to questions 4a-4c is yes, please explain: _____

**5. ENVIRONMENT:**   `SELLER HAS NO KNOWLEDGE OF PROPERTY`
Was the property built before 1978? NO ☐ YES ☐
Are You Aware:
  a. of any substances, materials, or products which may be an environmental hazard, such as, but not limited to, asbestos, urea formaldehyde, radon gas, mold, lead-based paint, fuel, propane or chemical storage tanks (active or abandoned), or contaminated soil or water on the property? NO ☐ YES ☐
  b. of any condition or proposed change in the vicinity of the property that does or will materially affect the value of the property, such as, but not limited to, proposed development or proposed roadways? NO ☐ YES ☐
  c. of wetlands, mangroves, archeological sites, or other environmentally sensitive areas located on the property? NO ☐ YES ☐
  If any answer to questions 5a-5c is yes, please explain: _____

**6. ZONING:**   `SELLER HAS NO KNOWLEDGE OF PROPERTY`
Are You Aware:
  a. of the zoning classification of the property? NO ☐ YES ☐  If yes, identify the zoning classification _____
  b. of any zoning violations or nonconforming uses? NO ☐ YES ☐
  c. if the property is zoned for its current use? NO ☐ YES ☐
  d. of any zoning restrictions affecting additions, improvements or replacement of the property? NO ☐ YES ☐
  e. if there are any zoning, land use or administrative regulations which are in conflict with the existing or intended use of the property? NO ☐ YES ☐
  f. of any restrictions other than association and flood area requirements affecting improvements or replacement of the property? NO ☐ YES ☐
  If any answer to questions 6a-6f is yes, please explain: _____

**7. FLOOD:**   `SELLER HAS NO KNOWLEDGE OF PROPERTY`
Are You Aware:
  a. if any portion of the property is in a special flood hazard area? NO ☐ YES ☐
  b. does the property require flood insurance? NO ☐ YES ☐
  c. whether any improvements including additions, are located below the base flood elevation? NO ☐ YES ☐
  d. whether such improvements have been constructed in violation of applicable local flood guidelines? NO ☐ YES ☐
  e. if any portion of the property is seaward of the coastal construction control line? NO ☐ YES ☐
  If any answer to questions 7a-7e is yes, please explain: _____

8. **TERMITES, DRY ROT, PESTS, WOOD DESTROYING ORGANISMS:** SELLER HAS NO KNOWLEDGE OF PROPERTY
   a. Do you have any knowledge of termites, dry rot, pests or wood destroying organisms on or affecting any improvements located on the property or any structural damage to the property by them? NO ☐ YES ☐ If yes, explain: _____

   b. Have you ever had the property inspected for termites, dry rot, pest or wood destroying organism? NO ☐ YES ☐ Date of inspection_____ If so, what was the outcome of the inspection? _____

   c. Has the property been treated for termites, dry rot, pest or wood destroying organisms? NO ☐ YES ☐ Date and type of treatment _____, Company name: _____

9. **STRUCTURE-RELATED ITEMS:** SELLER HAS NO KNOWLEDGE OF PROPERTY
   Are You Aware:
   a. of any structural damage which may have resulted from events including, but not limited to, fire, wind, flood, hail, landslide, or blasting, and which materially affect the value of the property? NO ☐ YES ☐
   b. of any structural condition or, in the case of a homeowner association, any condition in the common elements that materially affects the value of the property? NO ☐ YES ☐
   c. of any improvements or additions to the property, whether by you or by others, that have been constructed in violation of building codes or without necessary permits? NO ☐ YES ☐
   d. of any active permits on the property which have not been closed by a final inspection? NO ☐ YES ☐
   If any answer to questions 9a-9d is yes, please explain: _____

10. **ROOF-RELATED ITEMS:** SELLER HAS NO KNOWLEDGE OF PROPERTY
    Are You Aware:
    a. of any roof or overhang defects? NO ☐ YES ☐
    b. if the roof has leaked since you owned the property? NO ☐ YES ☐
    c. if anything was done to correct the leaks? NO ☐ YES ☐
    d. if the roof has been replaced? NO ☐ YES ☐ If yes, when:_____
    e. If there is a warranty on the roof? NO ☐ YES ☐ If yes, is it transferable? NO ☐ YES ☐
    f. If the roof has been inspected within the last twelve months? NO ☐ YES ☐
    If any answer to questions 10a-10f is yes, please explain: _____

11. **PLUMBING-RELATED ITEMS:** SELLER HAS NO KNOWLEDGE OF PROPERTY
    a. What is your drinking water source? Public ☐ Private Well ☐ Other Source ☐. If your drinking water is from a well or other source, when was your water last checked for safety and what was the result of the test?_____

    b. Do you have a water conditioning system? NO ☐ YES ☐ If yes, type:_____ Owned ☐ Leased ☐
    c. What is the balance owed on the system? $_____
    d. Do you have a sewer ☐ or septic system ☐? If septic system describe the location of each system: _____

    e. Are you aware of any septic tanks or wells on the property which are not currently being used?
    NO ☐ YES ☐ If yes, explain:_____
    f. Are you aware of any plumbing leaks since you have owned the property? NO ☐ YES ☐ If yes, explain: _____

    g. Are you aware of any conditions that materially affect the value of the property relating to the septic tank/drain field, sewer lines, or any other plumbing related items? NO ☐ YES ☐ If yes, explain: _____

12. **POOLS/HOT TUBS/SPAS:** [SELLER HAS NO KNOWLEDGE OF PROPERTY]
   a. Does the property have a swimming pool? NO ☐ YES ☐ Hot tub? NO ☐ YES ☐ Spa? NO ☐ YES ☐
   b. If you answered yes to any part of 12a, was the certificate of completion received after Oct. 1, 2000 for the pool? NO ☐ YES ☐ For the spa? NO ☐ YES ☐ For the hot tub? NO ☐ YES ☐
   c. Check the pool safety features (as defined by Section 515.27, Florida Statutes) your swimming pool, hot tub or spa has: Enclosure that meets the pool barrier requirements ☐ Approved safety pool cover ☐ Required door and window exit alarms ☐ Required door locks ☐ none ☐
   d. Are you aware of any conditions regarding these items that materially affect the value of the property? NO ☐ YES ☐ If yes, explain: _____

13. **MAJOR APPLIANCES:** [SELLER HAS NO KNOWLEDGE OF PROPERTY]
   Indicate existing equipment:
   Range ☐ Oven ☐ Microwave ☐ Dishwasher ☐ Garbage Disposal ☐ Trash Compactor ☐ Refrigerator ☐ Freezer ☐ Washer ☐ Dryer ☐
   Are any of these appliances leased? NO ☐ YES ☐ Are any of these gas appliances? NO ☐ YES ☐
   Is the water heater: owned ☐ leased ☐; Is the water heater: electric ☐ gas ☐
   Are you aware of any problems with these appliances, including whether any of the appliances have leaked or overflowed, since you have owned the property? NO ☐ YES ☐ If yes, explain: _____

14. **ELECTRICAL SYSTEM:** [SELLER HAS NO KNOWLEDGE OF PROPERTY]
   Are You Aware:
   a. of any damaged or malfunctioning switches, receptacles, or wiring? NO ☐ YES ☐
   b. of any conditions that materially affect the value or operating capacity of the electrical system? NO ☐ YES ☐
   If answers to questions 14a or 14b is yes, please explain: _____

15. **HEATING AND AIR CONDITIONING:** [SELLER HAS NO KNOWLEDGE OF PROPERTY]
   Indicate existing equipment:
   Air conditioning:                                     Heating:
     Central ☐ Window/Wall ☐ Number of units_____     Electric ☐ Fuel Oil ☐ Gas ☐ Other ☐
   Solar Heating:
     Owned ☐ Leased ☐
   Wood-burning stove: NO ☐ YES ☐
   Fireplace: NO ☐ YES ☐ Describe fireplace equipment:_____
   Are you aware of any defects, malfunctioning or condensation problems regarding these items, since you have owned the property? NO ☐ YES ☐ If yes, explain:_____

16. **OTHER EQUIPMENT:** [SELLER HAS NO KNOWLEDGE OF PROPERTY]
   Indicate existing equipment:
   Security System: NO ☐ YES ☐ Leased ☐ Owned ☐ Connected to Central Monitor ☐ Monthly Fee $_____
   Smoke Detectors: NO ☐ YES ☐, Number of smoke detectors?_____
   Lawn Sprinkler System: NO ☐ YES ☐ Sprinkler water source:_____ If well is source, is there an iron filter? NO ☐ YES ☐ Is there a timer? NO ☐ YES ☐ Is the timer automatic? NO ☐ YES ☐
   Garage door openers? NO ☐ YES ☐, Number of transmitters?_____, Humidistat? NO ☐ YES ☐
   Humidifier? NO ☐ YES ☐ Electric air filters? NO ☐ YES ☐ Vent fans? NO ☐ YES ☐
   Paddle fans? NO ☐ YES ☐, Number of paddle fans?_____

17. **OTHER MATTERS:** [SELLER HAS NO KNOWLEDGE OF PROPERTY]
   Is there anything else that materially affects the value of the property? NO ☐ YES ☐
   If yes, explain:_____

## ACKNOWLEDGEMENT OF SELLER

The undersigned Seller represents that the information set forth in the above disclosure statement is complete to the best of the Seller's knowledge on the date signed below. Seller does not intend for this disclosure statement to be a warranty or guaranty of any kind. Seller hereby authorizes disclosure of the information contained in this disclosure statement to prospective Buyers of the property. Seller understands and agrees that Seller will notify the Buyer in writing within five business days after Seller becomes aware that any information set forth in this disclosure statement has become inaccurate or incorrect in any way during the term of the pending purchase by the Buyer.

Seller: _____ / _____ Date: 5/21/15
              (signature)                          (print)

Seller: _____ / _____ Date: _____
              (signature)                          (print)

## RECEIPT AND ACKNOWLEDGMENT OF BUYER

Seller is using this form to disclose Seller's knowledge of the condition of the real property and improvements located on the property as of the date signed by Seller. This disclosure form is not a warranty of any kind. The information contained in the disclosure is limited to information to which the seller has knowledge. It is not intended to be a substitute for any inspections or professional advice the Buyer may wish to obtain. An independent professional inspection is encouraged and may be helpful to verify the condition of the property and to determine the cost of repairs, if any. Buyer understands these representations are not made by any real estate licensee.

Buyer hereby acknowledges having received a copy of this disclosure statement.

Buyer: _____ / _____ Date: _____
              (signature)                          (print)

Buyer: _____ / _____ Date: _____
              (signature)                          (print)