UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:

ALINA ALVAREZ LUJARDO

Debtor./

CASE NO.: 15-13429-AJC

Chapter 7

TRUSTEE'S EX PARTE APPLICATION
FOR EMPLOYMENT OF KIT R. BECKER, CPA AND YIP ASSOCIATES
AS SPECIAL TAX CONSULTANTS, *NUNC PRO TUNC* TO APRIL 2, 2015

Ross R. Hartog, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Alina Alvarez Lujardo (the "Debtor"), requests an order of the Court, pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a), and Local Rule 9013-1(C)(3), authorizing the employment of Kit R. Becker, CPA, CIRA and the accounting firm of YIP Associates (collectively, "YIP") as special tax consultants, *nunc pro tunc* to April 2, 2015. In support of this application (the "Application"), the Trustee states:

1. The Debtor filed a voluntary petition under Chapter 7 on February 25, 2015 (the "Petition Date") [ECF No. 1].

2. Thereafter, Ross R. Hartog was appointed as the Chapter 7 trustee.

3. It is necessary for the Trustee to employ special tax consultants to assist him in preparing and filing tax returns if necessary and determining tax consequences of short selling the Debtor's scheduled real property. The Trustee has selected YIP because of its extensive experience and expertise in bankruptcy, tax and bankruptcy-related matters.

4. To the best of the Trustee's knowledge, YIP: neither holds nor represent any interest adverse to the estate in the matters upon which it is to be employed, is otherwise disinterested as required by 11 U.S.C. § 327(a), and its employment would be in the best

interests of the estate and its creditors. A declaration in support of this application is attached as **Exhibit A**.

5. In an abundance of caution and in the interests of full disclosure, the Trustee and YIP make the following additional disclosures: (a) Maria Yip is a Chapter 7 panel trustee and sole member of YIP CPA, LLC d/b/a Yip Associates; the Trustee, Ross R. Hartog, in his capacity as an attorney, has in the past, and will most likely in the future, represent Maria Yip in her capacity as trustee of unrelated bankruptcy estates; (c) the Trustee's general counsel in this case, MRTH, has in the past, and will most likely in the future, represent Maria Yip in her capacity as trustee of unrelated bankruptcy estates; (d) the law firm in which the Trustee is a partner, Markowitz Ringel Trusty & Hartog, P.A. ("MRTH") has in the past, and will most likely in the future, represent Maria Yip in her capacity as trustee of unrelated bankruptcy estates, (e) Ross R. Hartog and MRTH have in the past, and will most likely in the future, represent parties whose interests are adverse to those of Maria Yip in her capacity as trustee of unrelated bankruptcy estates; (f) Ross R. Hartog and MRTH have in the past, and will most likely in the future, represent parties in unrelated cases who will retain YIP as accountants and/or experts in unrelated cases; and (g) Ross R. Hartog in his capacity as trustee of unrelated bankruptcy estates, has in the past, and will most likely in the future, retain YIP as accountants and/or experts in unrelated cases. The Trustee and YIP assert that none of the above disclosures impair YIP's ability to serve as accountant to the Trustee and the Estate.

6. YIP has agreed to perform the foregoing services at the ordinary and usual hourly billing rates of its members who will perform services in this matter. YIP will incur out-of-pocket disbursements in the rendition of the services, for which it shall seek reimbursement. YIP

recognizes that its compensation is subject to approval and adjustment by the Court in accordance with 11 U.S.C. § 330.

WHEREFORE, the Trustee respectfully requests the Court enter an order: (1) approving the selection and the employment by the Trustee of Kit Becker, CPA and YIP Associates as his special tax consultants to perform the services set forth in this Application, *nunc pro tunc* to April 2, 2015; and (2) grant any other relief as is appropriate.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served to all interested parties electronically via the Court's CM/ECF notification to all registered CM/ECF participants in this case on May 26, 2015 as identified on the attached Service List.

Dated: May 26, 2015
    MARKOWITZ, RINGEL, TRUSTY & HARTOG, P.A.
    *Counsel to Chapter 7 Trustee*
    9130 South Dadeland Boulevard, Suite 1800
    Miami, Florida  33156
    Tel. (305) 670-5000
    Fax. (305) 670-5011

    By:  /s/ *John H. Lee*
        John H. Lee, Esq.
        Florida Bar No. 91795
        Email: jlee@mrthlaw.com

567697

*In re Alina Alvarez Lujardo*
Case No. 15-13429-AJC
<u>Service List</u>

**Via Electronic Mail:**

Alice A Blanco on behalf of Creditor Wells Fargo Bank, NA
flecf@aclawllp.com

Maite L. Diaz, Esq. on behalf of Debtor Alina Alvarez Lujardo
mdiazcourt@gmail.com, maitediaz@notify.cincompass.com,ecfdiaz@gmail.com

Ross R Hartog
rhartog@mrthlaw.com, FL81@ecfcbis.com;rhartog@ecf.epiqsystems.com

John H Lee on behalf of Trustee Ross R Hartog
jlee@mrthlaw.com,
ecfnotices@mrthlaw.com,mrthbkc@gmail.com,jgarey@mrthlaw.com,ycandia@mrthlaw.com,gruiz@mrthlaw.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:                                                    CASE NO.: 15-13426-AJC

ALINA ALVAREZ LUJARDO
a/k/a ALINA ALZUGARAY,                                    Chapter 7

    Debtor.
_____/

## DECLARATION OF ACCOUNTANT

Kit R. Becker, CPA/CFF, CIRA, under penalty of perjury, states:

1.    I am a duly licensed certified public accountant in the State of Florida and a director in the independent public accounting firm of YIP Associates ("YIP"), Yamato Office Center, Suite 301, 1001 Yamato Road, Boca Raton, Florida 33431.

2.    I am familiar with the matters set forth herein and make this declaration in support of the application for approval of YIP, as accountants and special tax consultants for the Trustee.

3.    The Trustee has requested YIP to represent him for the reasons stated in the said application.

4.    While employed by the Trustee, YIP will not represent any other entity having an adverse interest in connection with the case and we are disinterested persons as required by 11 U.S.C. 327(a). To the best of my knowledge, YIP does not have nor has it had any connection with the Debtor(s), its affiliates, creditors and any of their attorneys or accountants in matters related to this case or with any person employed in the office of the U.S. Trustee, as required by Fed. R. Bank. P. 2014, except as set forth below.

5. Maria M. Yip is the sole member of Yip Associates and a panel chapter 7 trustee in the Southern District of Florida. Should I or the firm become notified of any conflicts asserted by a party with which the firm has a relationship, I will notify this Court immediately.

6. In an abundance of caution and in the interests of full disclosure, the Trustee and YIP make the following additional disclosures: (a) Maria Yip is a Chapter 7 panel trustee; (b) the Trustee, Ross R. Hartog, in his capacity as an attorney, has in the past, and will most likely in the future, represent Maria Yip in her capacity as trustee of unrelated bankruptcy estates; (c) the Trustee's general counsel in this case, Markowitz, Ringel, Trusty & Hartog, P.A. ("MRTH"), has in the past, and will most likely in the future, represent Maria Yip in her capacity as trustee of unrelated bankruptcy estates; (d) Ross R. Hartog and MRTH have in the past, and will most likely in the future, represent parties whose interests are adverse to those of Maria Yip in her capacity as trustee of unrelated bankruptcy estates; (e) Ross R. Hartog and MRTH have in the past, and will most likely in the future, represent parties in unrelated cases who will retain YIP as accountants and/or experts in unrelated cases; and (f) Ross R. Hartog in his capacity as trustee of unrelated bankruptcy estates, has in the past, and will most likely in the future, retain YIP as accountants and/or experts in unrelated cases. The Trustee and YIP assert that none of the above disclosures impair YIP's ability to serve as accountant to the Trustee and the Estate.

7. As part of its practice, YIP appears in cases, proceedings, and transactions involving many different creditors, shareholders, attorneys, accountants, financial consultants, investment bankers, and other entities, some of which may be or may represent claimants and parties in interest in this case. YIP has a widespread practice in insolvency and bankruptcy matters and I and the Firm participate in numerous cases in both the federal and state courts involving different professionals, including attorneys, accountants and financial consultants.

Some of those professionals may represent parties-in-interest in this case. However, I am not advising any such entity and/or professional in connection with this Chapter 7 case, nor do I have a relationship with any such entity or professional which is adverse to the Debtor(s), its creditors or the estate.

8. YIP is otherwise well-qualified to serve as accountants for the Trustee for the purpose required. YIP has been retained as accountants and financial consultants to render professional services to trustees, debtors, creditors, creditors' committees, and others in numerous bankruptcy matters.

### Declaration – 28 U.S.C. § 1746

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 21, 2015.

*/s/ Kit R. Becker*
Kit R. Becker, CPA/CFF, CIRA