UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                              Case No. 15-13429-AJC
                                                    Chapter 7
ALINA ALVAREZ LUJARDO
*aka* ALINA ALZUGARAY,

            Debtor.
_____/

## WELLS FARGO BANK, N.A.'S
## MOTION FOR RELIEF FROM AUTOMATIC STAY

**Any interested party who fails to file and serve a written response to this motion within 14 days after the date of service stated in this motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

**COMES NOW,** Wells Fargo Bank, N.A. ("Secured Creditor"), by and through its undersigned counsel, as and for its Motion for Relief from the Automatic Stay, and in support states as follows:

1. The Court has jurisdiction over this matter pursuant to 11 U.S.C. §362, Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the laws of the United States of America.

2. On February 25, 2015, Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code.

3. Debtor owns certain real property located at **8777 Collins Ave, Unit 603 Surfside, Florida 33154** in Miami-Dade County, FL, legally described as:

> **CONDOMINUIM UNIT NO. 603 OF CHAMPLAIN TOWERS SOUTH CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OFFICIAL RECORDS BOOK 11191 AT PAGE 35 OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA
> TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPURTENANT THERETO AS SET FORTH IN SAID DECLARATION.**

4. The subject property is secured by virtue of a Promissory Note and Mortgage dated May 11, 2006 in the amount of $417,000.00, recorded in the Public Records of Miami-Dade County, FL in Book 24535 at Pages 0376-396. True and correct copies of the relevant loan documents are attached as Composite Exhibit "A."

5. Debtor executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Creditor or has been duly indorsed. Creditor, directly or through an agent, has possession of the promissory note. Creditor is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

6. The Promissory Note and Mortgage are in the name of Wells Fargo Bank, N.A. Wells Fargo Bank, N.A. is the current holder of the Promissory Note.

7. Wells Fargo Bank, N.A. is the current servicer for the loan.

8. Upon information and belief, the property has not been claimed exempt by Debtor. Additionally, the property has not been abandoned by the Trustee.

9. Debtor has failed to provide adequate protection to Secured Creditor by failing to make payments pursuant to the Mortgage since February 1, 2014. See Affidavit of Indebtedness attached as Exhibit "B."

10. As of May 19, 2015, Secured Creditor has completed the Indebtedness Worksheet, wherein the total pre-petition indebtedness is $461,801.56 and the total post-petition indebtedness is $6,770.79. See Indebtedness Worksheet attached as Exhibit "C."

11. The post-petition payment address is: Wells Fargo Bank, N.A. Attention Payment Processing, MAC X2302-04C, One Home Campus Des Moines, IA 50328.

12. The estimated value of the property is $275,750.00. This valuation is based on the fair market value as determined by the Miami-Dade County Property Appraiser. See Miami-Dade County Property Appraisal attached as Exhibit "D." Thus, there is little or no equity in the property for the benefit of unsecured creditors of the estate.

13. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor's failure to make regular payments under the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such security interest.

14. Secured Creditor respectfully requests that the Court grant it relief from the automatic stay in this case pursuant to 11 U.S.C. §362(d)(1), for cause, namely the lack of

adequate protection to Secured Creditor for its security interest in the subject property. The value of the collateral is insufficient in and of itself to provide adequate protection to Secured Creditor, which the Bankruptcy Code requires to be provided.

15. Secured Creditor further requests that the Court Order entered pursuant to the instant Motion provide that all communications sent by Secured Creditor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, be sent directly to Debtor.

16. Pursuant to 11 U.S.C. §362(e), Secured Creditor hereby requests that in the event a hearing is necessary, that said hearing be held within thirty (30) days.

17. Secured Creditor respectfully requests that the Court waive the fourteen (14) day stay of the Order Granting Relief pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, so that Secured Creditor can pursue its in rem remedies without further delay.

**WHEREFORE**, Secured Creditor respectfully requests that the automatic stay be lifted so that Secured Creditor may be permitted to protect its security interest in Debtor's property outside of the bankruptcy forum, that in the event that a hearing is necessary on this Motion that it be held within thirty (30) days, that the Court waive the fourteen (14) day stay, and for such further relief as the Court may deem just and proper.

Respectfully Submitted:

/s/ Brandi R. Lesesne
Brandi R. Lesesne
Bar No.: FL 65477
Aldridge | Connors LLP
Attorney for Secured Creditor
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7629
Fax: (888) 873-6147

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion for Relief from the Automatic Stay was served electronically or via U.S. Mail, first-class postage prepaid, to:

Alina Alvarez Lujardo
2231 SW 82nd Pl
Miami, FL 33155-1250

Maite L. Diaz, Esq.
P O B 820300
Pembroke Pines, FL 33082

Ross R Hartog
9130 S Dadeland Blvd # 1800
Miami, FL 33156

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

Dated: June 2, 2015

/s/ Brandi R. Lesesne
Brandi R. Lesesne
Bar No.: FL 65477
Aldridge | Connors LLP
Attorney for Secured Creditor
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7629
Fax: (888) 873-6147