UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:

ALINA ALVAREZ LUJARDO

Debtor./

CASE NO.: 15-13429-AJC

Chapter 7

## NOTICE OF TAKING RULE 2004 EXAMINATION DUCES TECUM

**TO:** Alina Alvarez Lujardo
2231 SW 82nd Place
Miami, FL 33155-1250

**PLEASE TAKE NOTICE THAT**, **Ross R. Hartog, the Chapter 7 Trustee**, through undersigned counsel, will examine the following person(s) under oath, at the following date, time and location pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1:

**DEPONENT:** Alina Alvarez Lujardo

**DATE:** Tuesday, July 21, 2015

**TIME:** 10:00 a.m.

**LOCATION:** Markowitz Ringel Trusty & Hartog, P.A.
Two Datran Center
9130 S. Dadeland Blvd., Suite 1800
Miami, Florida 33156

The examination is being conducted pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in Rule 2004 of the Federal Rules of Bankruptcy Procedure. If the Examinee requires an interpreter, it is the

Deponent's responsibility to engage the employment of such interpreter to be present at the examination.

The examination is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Federal Rules of Bankruptcy Procedure and other applicable law, and shall continue day to day until completed. If the deponent receives this notice less than fourteen (14) days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. Any objection must be heard prior to the taking of the examination.

The examinee is further directed to produce pursuant to Rules 2004(c), 7034, 9016, Fed. R. Civ. P., and Local Rule 2004-1(B), all of the documents described on the attached **Schedule "A"** for inspection and copying at the following date, time, and location:

| | |
|---|---|
| **DATE:** | **Tuesday, July 16, 2015** |
| **TIME:** | **4:00 p.m.** |
| **LOCATION:** | **Markowitz Ringel Trusty & Hartog, P.A.**<br>**9130 S. Dadeland Blvd., Suite 1800**<br>**Miami, Florida 33156** |

[THE REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was served via U.S. Mail and/or the parties identified on the attached Service List through the Court's CM/ECF notification on July 9, 2015.

Dated: July 9, 2015    MARKOWITZ, RINGEL, TRUSTY & HARTOG, P.A.
*Counsel to Chapter 7 Trustee*
9130 South Dadeland Boulevard, Suite 1800
Miami, Florida  33156
Tel. (305) 670-5000
Fax. (305) 670-5011

By: /s/ *John H. Lee*
John H. Lee, Esq.
Florida Bar No. 91795
jlee@mrthlaw.com

587181

*In re Alina Alvarez Lujardo*
Case No. 15-13429-AJC
<u>Service List</u>

**Via Electronic Mail:**

Alice A Blanco on behalf of Creditor Wells Fargo Bank, NA
ecfflsb@aldridgepite.com, ablanco@ecf.inforuptcy.com

Maite L. Diaz, Esq. on behalf of Debtor Alina Alvarez Lujardo
mdiazcourt@gmail.com, maitediaz@notify.cincompass.com,ecfdiaz@gmail.com

Ross R Hartog
rhartog@mrthlaw.com, FL81@ecfcbis.com;rhartog@ecf.epiqsystems.com

John H Lee on behalf of Trustee Ross R Hartog
jlee@mrthlaw.com, ecfnotices@mrthlaw.com, mrthbkc@gmail.com,jgarey@mrthlaw.com, ycandia@mrthlaw.com,gruiz@mrthlaw.com

Brandi Rainey Lesesne, Esq. on behalf of Creditor Wells Fargo Bank, NA
ecfflsb@aldridgepite.com, blesesne@ecf.inforuptcy.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

**Via U.S. Mail:**

Alina Alvarez Lujardo
2231 SW 82nd Pl
Miami, FL 33155-1250

Kit R. Becker
Yamato Office Center #301
1 001 Yamato Road
Boca Raton, FL 33431

Jose C Blanco
6780 Coral Way
Miami, FL 33155

Barry Mukamal
1 SE 3 Ave #2150
Miami, FL 33131

## SCHEDULE "A"

The witness is requested and directed to produce for inspection and copying the items and documents described below. The witness is further directed and requested to observe and follow the instructions and definitions in connection with this request for production:

## Definitions and Instructions

1. The term "document" includes, but is not limited to, the original (and any copy of the original which contains additional writing thereon or attached thereto) or memoranda, reports, books, manuals, plan specifications, scheduling charts, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospects, interoffice and intra office communications, contracts, cables, notations of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analysis, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes and amendments of any of the foregoing, graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graph, microfiche, microfilm, videotape, recordings and motion pictures), electronic, mechanical and electric records or presentations of any kind (including, without limitation, tapes, cassettes, disks and recordings) and other written, printed, typed or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, phono record, film, tape or videotape.

2. The terms "debtor" "you" or "your" means Alina Alvarez Lujardo.

3. The term "Petition Date" means February 25, 2015, the date the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

4. Whenever any business, company, or partnership is used or referred to herein, that entity includes any and all business interests, including but not limited to Orchids KLWYMI International Corp., AAA Investment Corp., Terrasolutions Implementos Agricolas CIA, LTDA, E-Blooms Direct, Inc., In Bloom Group, and Agrostock Cia. LTDA., that the Debtor had an ownership interest in for the past three years up to and including the Petition Date.

5. If you withhold any documents requested herein on grounds of privilege, you are asked to identify each of those documents by date, author, address(es) or recipient(s), chain of custody, file and controller of file in which found (or specific location of document, if not contained in any file), nature of the privilege being asserted and general description.

**Documents Requested**

1. Chase Bank account ending in x6006:

    a. Twenty-four months of account statements up to and including the Petition Date.

    b. Account statements from the Petition Date up to the date of Your deposition.

    c. Twenty four months of cancelled checks over $500.00.

    d. There are numerous deposits from an unscheduled Merrill Lynch account. Please explain the source of these transfers. Please also provide 12 months of account statements up through the Petition Date for said account.

    e. There are numerous payments to Capital one – Please also provide 12 months of account statements up through the Petition Date for said account.

2. Bank United, N.A. account ending in x3634:

    a. Twenty-four months of account statements up to and including the Petition Date.

    b. Account statements from the Petition Date up to the date of Your deposition.

    c. Twenty four months of cancelled checks over $500.00.

3. Bank United, N.A. account ending in x3596:

    a. Twenty-four months of account statements up to and including the Petition Date.

    b. Account statements from the Petition Date up to the date of Your deposition.

    c. Twenty four months of cancelled checks over $500.00.

4. For the 2008 BMW driven by You:

    a. Please provide a recent account statement showing the most recent pay off of the vehicle.

    b.  Please provide documentation, including cancelled checks, wires, online receipts, etc, showing that the Debtor has been making payments on this vehicle for the past 12 months.

    c.  Please provide the recent vehicle insurance account statement.

  5. Please advise and provide any supporting documentation as to the ownership or disposition of the following vehicles:

    a.  2010 Volskwagon CC Sport VIN WVWMN7AN2AE543361;

    b.  2008 Volvo S80; VIN YV1AS982481075079

  6. Please provide 24 months of account statements for the CitiBusiness / Aadvantage Select credit card ending in x4594.

  7. All documents evidencing, reflecting, relating to or referring to Alpa Roses and/or Terrasolutions Implementos Agricolas CIA, LTDA's assets, liabilities, income and net worth, , including, but not limited to, financial statements, inventories, schedules and notes thereto, from January 1, 2011 through the Petition Date.

  8. All journals of account, general ledgers, subsidiary ledgers, cash disbursements journals, receipt journals, stock transfer books, real and personal property ledgers, tax returns, inventories, financial statements, and all other books of account, work sheets, and accounting records from January 1, 2011 through the Petition Date, of to Alpa Roses and/or Terrasolutions Implementos Agricolas CIA, LTDA.

  9. All documents evidencing, reflecting, relating to or referring to valuations of to Alpa Roses and/or Terrasolutions Implementos Agricolas CIA, LTDA from January 1, 2011 through the Petition Date.

  10. The Terrasolutions Implementos Agricolas CIA, LTDA's bylaws (including all amendments thereto) and any related organizational documents, including, but not limited to, all documents reflecting any changes in Terrasolutions Implementos Agricolas CIA, LTDA's officers, directors, Board members and shareholders from January 1, 2010 through the Petition Date.

  11. All journals, ledgers, books of accounts regarding the customers of Alpa Roses and/or Terrasolutions Implementos Agricolas CIA, LTDA from January 1, 2012 through the Petition Date.

  12. All journals, ledgers, books of accounts regarding the accounts receivables and accounts payables of Terrasolutions Implementos Agricolas CIA, LTDA from January 1, 2011 through the Petition Date.

13. Any and all consignment agreements between Terrasolutions Implementos Agricolas CIA, LTDA and third party vendors, distributors, assignees, and customers from January 1, 2012 through the Petition Date.

14. True and correct copies of all federal income tax returns (including but not limited to forms 1040, 1040-A, W-2 forms, and all other attached schedules) and all personal property tax returns (tangible or intangible) filed by Terrasolutions Implementos Agricolas CIA, LTDA from 2011 through the Petition Date, whether filed with the United States government, the government of any state or municipality, or the government of any foreign country.

15. All documents evidencing, reflecting, relating to or referring to any and all disbursements, loans, compensation, consideration, payments, bonuses, gifts, gratuities, or fringe benefits of whatever kind or nature to You from Terrasolutions Implementos Agricolas CIA, LTDA, during the period of January 1, 2011 through the Petition Date.

16. For all business or income producing ventures in which Debtor has or has had any interest since January 1, 2013, please provide twenty-four months of bank statements and cancelled checks over $500.00 up to and including the date of Your 2004 examination.