## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

IN RE:                                             CASE NO.: 15-13429-AJC

ALINA ALVAREZ LUJARDO                              Chapter 7

                                   Debtor.

## TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS

> Any interested party who fails to file and serve a written response to this motion within **21 days** after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.

Ross R. Hartog, the chapter 7 trustee of the bankruptcy estate of Alina Alvarez Lujardo (the "Debtor"), moves, pursuant to Federal Bankruptcy Rule 9019, and Local Rules 9013-1(D), to approve the *Stipulation for Compromise and Settlement* entered into by and between the Trustee and the Debtor. In support of this motion (the "Motion"), the Trustee states as follows:

### Background

1.    On February 25, 2015 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.

2.    Ross R. Hartog was appointed as chapter 7 trustee (the "Trustee").

3.    The Trustee requested and reviewed documents from the Debtor regarding her assets and financial affairs.

4.    The Trustee evaluated the Debtor's schedules and documents and has negotiated a resolution with the Debtor regarding the value of assets over available exemptions.

5.      The parties have agreed that the Debtor shall repurchase the Debtor's non-exempt or over-exempt assets in the following: (A) Household Goods and Furnishings; (B) cash; (C) clothing and jewelry; (D) bank accounts; (E) E-Blooms Direct, Inc.; and (F) Estate's right to pursue the Fully Disclosed Causes of Action, in exchange for payments totaling $89,954.00 (collectively, the "Settlement Amount").   The terms of the settlement are set forth in greater detail in the *Stipulation for Compromise and Settlement* (the "Settlement Agreement") attached hereto as **Exhibit 1**.  **\*Parties should review the entire Settlement Agreement and should not rely solely upon the summary contained in this Motion.**

## Legal Standard for Settlement

6.      Bankruptcy Rule 9019 (a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7.      The "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion."  *In re Arrow Air, Inc.,* 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)* 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.,* 98 F. 2d 599 (2d Cir. 1938), cert denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

8.      The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.,* 762 F.2d 189;

---

[1] *Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of Florida permits, inter alia*, relief without a hearing for motions to approve settlement.

*Cosoff v. Roddman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983)).

9.      According to the Unites States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

    (a)    the probability of success in litigation;

    (b)    the difficulties, if any, to be encountered in the matter of collection

    (c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    (d)    the paramount interest of the creditors and a proper defense to their reasonable views in the premises.

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air,* 85 B.R. 891.

10.      The Trustee believes that the proposed Settlement Agreement meets the standards set forth in *In re Justice Oaks II*.  If the Trustee liquidated the referenced assets, after payment of administrative fees and costs as well as deducting the value of exemptions, the Trustee believes that the benefit to the estate would not equal as much as what the Debtor is proposing to pay, albeit over time.  The Trustee believes that the fees and costs to litigate the issues of valuation of the assets and the Fully Disclosed Causes of Action, plus the additional fees and costs to liquidate the assets, would exceed the potential benefit above the amounts subject of the Settlement Agreement.

11.      Therefore, the Trustee recommends approval of the Settlement Agreement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

12.    Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as **Exhibit 2.**

**WHEREFORE,** the Trustee respectfully requests that this Court enter an Order: (1) granting the Motion; (2) approving the Settlement Agreement; (3) retaining jurisdiction to enforce the Settlement Agreement; and (4) granting such other and further relief as this Court deems just and proper.

Dated:  October 2, 2015          **MARKOWITZ RINGEL TRUSTY& HARTOG, PA**
                                 *Counsel to Chapter 7 Trustee*
                                 9130 South Dadeland Boulevard, Suite 1800
                                 Miami, Florida  33156
                                 Tel. (305) 670-5000
                                 Fax. (305) 670-5011

                                 By: /s/ *John H. Lee*
                                     John H. Lee, Esq.
                                     Florida Bar No. 91795
                                     jlee@mrthlaw.com

612606

# Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

IN RE:                                          CASE NO.: 15-13429-AJC

ALINA ALVAREZ LUJARDO                           Chapter 7

                                    Debtor./

**STIPULATION FOR COMPROMISE AND SETTLEMENT**

Ross R. Hartog, the Chapter 7 Trustee (the "Trustee") and Alina Alvarez Lujardo (the "Debtor"), enter into this Stipulation for Compromise and Settlement (the "Stipulation"). The Trustee and Debtor agree upon the following terms and conditions:

1.      The Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on February 25, 2015. Subsequently, Ross R. Hartog was appointed as Chapter 7 Trustee.

2.      The Debtor's Schedule "A" lists the Debtor's ownership interest in real property located at 8777 Collins AVE #603, Surfside, FL 33154 (the "Florida Property") with a scheduled value of $460,000.00.  The Debtor has surrendered her interest in the Florida Property.  Schedule "D" reflects mortgages encumbering the Florida Property in the amount of $493,760.00.  The Trustee believes that the Florida Property is a short sale candidate wherein the short sale will result in an equitable carve-out for the Estate (the "Carve Out").

3.      The Schedules list certain property, including cash, household goods and furnishings, clothes, jewelry, ownership in E-Blooms Direct, Inc., ownership in InBloom Group, LLC ("InBloom")[1], and bank accounts (collectively, the "Scheduled Property").  In addition, the Debtor may receive a Federal Income Tax Refund for the period through the Petition Date (the

---

[1] The Trustee is currently negotiating with third parties for the purchase of the Debtor's ownership interest in InBloom from the Estate (the "InBloom Sale").  A motion to approve the InBloom Sale will be filed contemporaneously with the motion approving the Stipulation.

"Refund") (the Scheduled Property and the Refund shall be collectively referred to as the "Property").

     4.     The Debtor has claimed a portion of the Scheduled Property as exempt.

     5.     The Trustee asserts that a portion of the Property may be undervalued.

     6.     Furthermore, based on a review of documents provided, the Debtor's deposition testimony, and other salient information, the Trustee asserts that the Estate may possess certain causes of action against the Debtor and third parties based on (a) transfers made from the Debtor and her business entities owned or controlled by the Debtor to insiders and other family members and (b) unexplained disposition of cash (collectively, the "Fully Disclosed Causes of Action").

     7.     The Debtor disputes certain aspects of the Trustee's analysis.

## SETTLEMENT

     8.     The Parties acknowledge and agree that this Stipulation is subject to the approval of the Bankruptcy Court and, therefore, will not be binding until such approval has been granted (the "Approval").

     9.     In light of the expense and uncertainty of litigation and in order to provide for the expeditious administration of this Estate, the Trustee and the Debtor agree that in lieu of the Trustee making demand upon and bringing any actions against the Debtor and third parties, based on the foregoing, the Debtor has offered to compromise and settle the Fully Disclosed Causes of Action and agreed to repurchase the Estate's non-exempt interest in the Property for the sum payment of $89,954.00 (the "Settlement Amount")[2]. The Trustee and the Debtor agree that the Estate shall be paid as follows:

     a.     Twenty-four (24) consecutive monthly installments, wherein the first twelve (12) months of payments to be paid as follows: the first payment of **$1,500.00** to be made on or before October 15, 2015, and eleven (11) subsequent monthly

---

[2] The settlement allocations are as follows: Repurchase of Trustee's Interest in the (A) Household Goods and Furnishings [$2,000.00];  (B) cash [504.11]; (C) clothing and jewelry [$300.00]; (D) bank accounts [$2,999.00]; (E) E-Blooms Direct, Inc. [$20,000.00] and (F) Estate's right to pursue the Fully Disclosed Causes of Action [$64,150.89].

payments of **$1,500.00** due on the same day each month thereafter, for a total amount of $18,000.000 to be paid by October 15, 2016. After the twelfth (12th) payment is made on October 15, 2016, the Debtor's obligation to pay the entire Settlement Amount shall be adjusted from any money recovered from the Carve Out and the InBloom Sale and the Debtor shall pay no less than $1,500.00 per month to be paid on the fifteenth (15th) of each month until the total amount of $89,954.00 is paid in full on October 15, 2017.  These monthly payments include an additional fee of $25.00 per month, which represents the anticipated bank fees and administrative expenses incurred by the Estate during the pendency of the repayment term.

10.    These monthly installments shall be in the form of a money order or cashier's check, made payable to "Ross Hartog, Trustee, for the Estate of Alina Alvarez Lujardo, Case No.: **15-13429**" and shall be delivered/mailed/over-nighted to: **Ross Hartog, Trustee, 9130 So. Dadeland Blvd., Suite 1800, Miami, Florida 33156**.  To the extent that the repurchase is considered a sale of assets to the Debtor, the Debtor agree and acknowledges that the sale of the Estate's right, title, and interest in and to the assets is being made "as-is, where-is," with no representations or warranties of any type being given by the Trustee or his professional, and is further being made subject to all liens, claims, encumbrances, and interests, whether known or unknown. The Parties agree that the Payment will constitute full consideration for this Settlement and will constitute a complete accord and satisfaction for any amounts claimed to be owed by the Transferee to the Trustee.

11.    The parties agree that the Debtor's obligation to pay the full amount of the Settlement Amount shall be offset by other monies recovered from the Estate, including, but not limited to money recovered from the Carve Out and the InBloom Sale.  The Trustee agrees to use due diligence and good faith to pursue and monetize the Estate from the Carve Out and the InBloom Sale.  However, if the Estate does not collect any additional recoveries, including

money from the Carve Out and InBloom Sale, the Debtor agrees that she will remain financially responsible for the remaining Settlement Amount due and owing.

12.     The Debtor agrees that all relevant exemption and discharge deadlines shall be extended until a date that is thirty (30) days after an order is entered approving or denying this Stipulation.

13.     The Debtor represents and warrants that: (a) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct; (b) the Pleadings contain no material misrepresentations or omissions; (c) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct; and (d) the Documents contain no material misrepresentations or omissions.  To the extent that the Debtor failed or has failed to disclose any assets, or if the Trustee identifies other non-exempt assets that are not the subject of this Stipulation, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

14.     In the event that the Debtor fails to comply with the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtor including, but not limited to, any Property the Debtor has claimed as exempt and the Transfers claims against the Transferee for the remainder of the amount due and owing as set forth herein.  In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees, and costs.  Further, the Trustee may file a notice of default and/or motion and submit an order to the Court revoking the Debtor's discharge.  Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge.  However, the Debtor's discharge will not be revoked without a hearing

15.     This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or

modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought.  A waiver by a party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

16.    This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

**SIGNATURE PAGES TO FOLLOW**

Dated this 25th day of September, 2015.

_____
Alina Lujardo
Debtor
2231 SW 82nd Place
Miami, FL 33155

Dated this 25th day of September, 2015.

_____
Patrick Cordero, Esq.
Law Offices of Patrick L. Cordero, PA
Attorney for Debtor
198 NW 37th Avenue
Miami, Florida 33125

Dated this 2/9 day of September, 2015.

_____
Ross R. Hartog, Trustee
9130 So. Dadeland Boulevard, Suite 1800
Miami, Florida 33156
Tel: (305) 670-5000
EM: trustee@mrthlaw.com

Dated this _____ day of September, 2015.

_____

# Exhibit 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

**IN RE:**                                             **CASE NO.: 15-13429-AJC**

**ALINA ALVAREZ LUJARDO**                  **Chapter 7**

                                        Debtor./

[PROPOSED]
**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR**
**COMPROMISE AND SETTLEMENT REGARDING VALUATION AND**
**REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS**

**THIS CAUSE** came before the Court upon the *Trustee's Motion To Approve Stipulation*

*For Compromise And Settlement Regarding Valuation and Repurchase Of Debtor's Non-Exempt*

*Assets* (the "Motion") [ECF No. __].  The Court, having reviewed the Motion and the *Certificate*

*of No Response or Settlement*, having noted that no objections were filed, finding that the

Settlement (as defined in the Motion) meets the criteria set forth in *In re Justice Oaks II, Ltd.,*

898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interest of the Estate, and finding that the

notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rule 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirements, it is

**ORDERED AS FOLLOWS:**

1.      The Motion is **GRANTED**.

2.      The *Stipulation for Compromise and Settlement* attached to the Motion as Exhibit 1 is approved on the terms and conditions set forth therein.

3.      The Court incorporates the terms of the *Stipulation for Compromise and Settlement* into this Order and retains jurisdiction to enforce the terms thereof.

# # #

**Submitted by:**
John H. Lee, Esq.
Markowitz, Ringel, Trusty & Hartog, P.A.
*Counsel to Chapter 7 Trustee*
9130 South Dadeland Boulevard, Suite 1800
Miami, FL 33156
Tel: (305) 670-5000

**Copies to:**
John H. Lee, Esq.
*(Attorney Lee is directed to mail a copy of this Order to all interested parties and to file a certificate of service).*