## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE: | CASE NO.: 15-13429-AJC |
| ALINA ALVAREZ LUJARDO | Chapter 7 |
| Debtor. | |

**TRUSTEE'S MOTION (1) TO APPROVE SALE OF ESTATE'S RIGHT, TITLE AND INTEREST IN NON-EXEMPT PROPERTY PURSUANT TO 11 U.S.C. §§ 105 AND 363, AND (2) TO COMPROMISE CONTROVERSIES PURSUANT TO 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Ross R. Hartog, as Chapter 7 trustee (the "Trustee") for the estate of Alina Alvarez Lujardo, through undersigned counsel, pursuant to 11 U.S.C. §§ 105 and 363 and Rules 2002, 6004, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Rules"), moves the Court for an entry of an order authorizing the sale of the Estate's right, title, and interest in InBloom Group, LLC (defined below), as described in the Agreement for Sale of Estate's Right, Title, and Interest in InBloom Group, LLC and a Mutual Release Between Trustee and Buyer (the "Agreement") attached hereto. In support of this motion (the "Sale Motion"), the Trustee states as follows:

### INTRODUCTION AND BACKGROUND

1.     On February 25, 2015, (the "Petition Date") Alina Alavarez Lujardo (the "Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

2.     Ross R. Hartog is the duly appointed Chapter 7 Trustee of the Bankruptcy Estate of Alina Alvarez Lujardo (the "Estate").

3.      The Debtor's Schedule "B" reflects the Debtor's 43.15% ownership interest in InBloom Group, LLC, a flower import business.  Schedule "B" reflects a scheduled value for InBloom Group, LLC as Unknown.

4.      As of the Petition Date, InBloom Group, LLC was owned by the following individuals with the following ownership shares:  Alina Alvarez Lujardo - 43.15% ownership interest; Fernando Pallares – 16.85% ownership interest; Flavio Ullivarri – 10% ownership interest; Hortensia Ulivarri – 10% ownership interest; Jorge Livermore – 10% ownership interest; and Pablo Egas – 10% ownership interest (collectively, the "Buyer's Principals").

5.      InBloom Group, LLC is not claimed as exempt on Schedule "C".

6.      The Estate has a 43.15% ownership interest in InBloom Group, LLC.

7.      The Debtor asserts that she was wrongfully forced out of InBloom Group, LLC and is owed distributions from InBloom Group, LLC (the "Debtor's Claims").  InBloom Group, LLC asserts that the Debtor owes it money in the amount of $12,784.00 (the "Buyer's Claims") (the Debtor's Claims and the Buyer's Claims shall be referred to herein as the "Claims").

**PROPOSED SALE**

8.      On August 3, 2015, the Trustee obtained an offer from InBloom Group, LLC ("Proposed Buyer") to purchase the Estate's 43.15% ownership interest in InBloom Group, LLC for $50,000.00 (the "Offer") as defined in the Agreement, in substantially the same form as set forth on **Exhibit A**.

9.      Pursuant to the Offer, the Proposed Buyer has agreed to (1) release the Trustee and the Bankruptcy Estate from any and all liability in connection with the Buyer's Claims and bankruptcy case, (2) waive any rights under 11 U.S.C. § 502, and (3) pay the Trustee $50,000.00

immediately upon entry of the Bankruptcy Court Order approving the Sale Motion (the "Approval Order")

10.     Subject to this Court's approval, the Trustee has accepted the Offer and also agreed to release the Proposed Buyer and the Buyer's Principals from claims arising from or related to the Bankruptcy case and the Debtor's Claims.

11.     The Trustee believes that the Proposed Sale is the best way to monetize the Estate's right, title and interest in the Personal Property, and thus, the Trustee asserts that the Proposed Sale to InBloom Group, LLC, is in the best interest of the Estate and all creditors.

## RELIEF REQUESTED

12.     Pursuant to this Sale Motion, the Trustee seeks authority to sell the Estate's right, title, and interest in InBloom Group, LLC to the Proposed Buyer upon substantially the same terms and conditions contained in the Agreement, and to execute and deliver the release.

13.     Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell or lease, other than the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). Courts interpreting §363(b)(1) of the Bankruptcy Code have held that a sale transaction should be approved under §363(b)(1) when: (a) it is supported by the sound business judgment of the debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith. See *In re Delaware & Hudson Railway Company*, 124 B.R. 169 (Bankr. D. Del. 1991): *In re Phoenix Deal Corp.*, 82 B.R. 334 (Bankr. D. Del. 1987).

14.     Here, each of these factors is satisfied.  There is sound business justification for the sale of the Estate's right, title, and interest in InBloom Group, LLC because the Proposed Sale is the best way to realize benefit for the Estate.  The Trustee believes that it would take

significant time and effort to market and sell the Estate's 43.15% interest in this flower import business to another buyer not familiar with the going concern of InBloom Group, LLC and to obtain an amount greater than the Offer. Indeed, InBloom Group, LLC is a closely held business and the parties with the most interest in purchasing the assets of InBloom Group, LLC, are the minority owners.  In other words, the Estate's interest is not marketable.

15.     By entering into the Agreement, the parties are also receiving a release of liability related to the Claims and the Trustee is receiving the Proposed Buyer's waiver of 11 U.S.C. § 502 claims.   In addition, creditors and other parties in interest will receive accurate and reasonable notice of the terms of the Proposed Sale and proposed procedures through this Motion.  Lastly, the Trustee asserts that the Proposed Buyer is a good faith purchaser for value as per Section 363(m) of the Bankruptcy Code.

16.     The Trustee also believes that granting of the releases of Claims are warranted under the circumstances.  The Proposed Buyer is unwilling to proceed with the acquisition described in this Sale Motion absent the delivery of the release.  The Trustee believes that in light of the economic benefits of the transaction, delivering the release is appropriate and a prudent exercise of the Selling Debtor's business judgment. The transactions contemplated by this Sale Motion fall above the lowest point on the range of reasonableness as required by Rule 9019 and applicable law.

**WHEREFORE**, the Trustee respectfully requests the Court to enter an Order: (i) approving the sale of the Property upon the terms and conditions contained in the Agreement; (ii) authorizing the parties to execute and deliver the release; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: October 2, 2015          MARKOWITZ, RINGEL, TRUSTY & HARTOG, P.A.
                                *Counsel to Chapter 7 Trustee*
                                9130 South Dadeland Boulevard, Suite 1800
                                Miami, Florida  33156
                                Tel. (305) 670-5000
                                Fax. (305) 670-5011

                                By: /s/ *John H. Lee*
                                     John H. Lee, Esq.
                                     Florida Bar No. 91795
                                     jlee@mrthlaw.com

612599

# EXHIBIT

# "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

IN RE:

ALINA ALVAREZ LUJARDO

Debtor.

CASE NO.: 15-13429-AJC

Chapter 7

## AGREEMENT FOR SALE OF ESTATE'S RIGHT, TITLE, AND INTEREST IN INBLOOM GROUP, LLC AND A MUTUAL RELEASE BETWEEN TRUSTEE AND BUYER

Ross R. Hartog, the Chapter 7 Trustee (the "Trustee") for the Bankruptcy Estate of Alina

Alvarez Lujardo (the "Debtor") and InBloom Group, LLC and/or assigns ("Buyer")(collectively,

the "Parties"), enter into this Agreement for Sale of Estate's Right, Title, and Interest in InBloom

Group, LLC and Mutual Release Between Trustee and Buyer (the "Agreement"), and agree upon

the following terms and conditions:

### RECITALS

WHEREAS, on February 25, 2015, (the "Petition Date") Alina Alavarez Lujardo (the

"Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

WHEREAS, Ross R. Hartog is the duly appointed Chapter 7 Trustee of the Bankruptcy

Estate of Alina Alvarez Lujardo (the "Estate").

WHEREAS, the Debtor's Schedule "B" reflects the Debtor's 43.15% ownership interest

in InBloom Group, LLC.  Schedule "B" reflects a scheduled value for InBloom Group, LLC as

Unknown;

WHEREAS, as of the Petition Date, InBloom Group, LLC was owned by the following

individuals with the following ownership shares:  Alina Alvarez Lujardo - 43.15% ownership

interest; Fernando Pallares – 16.85% ownership interest; Flavio Ullivarri – 10% ownership

interest; Hortensia Ulivarri – 10% ownership interest; Jorge Livermore – 10% ownership

interest; and Pablo Egas – 10% ownership interest (collectively, the "Buyer's Principals");

     **WHEREAS**, InBloom Group, LLC is not claimed as exempt on Schedule "C";

     **WHEREAS**, the Estate has a 43.15% ownership interest in InBloom Group, LLC;

     **WHEREAS**, the Debtor asserts that she was wrongfully forced out of InBloom Group,

LLC and is owed distributions from InBloom Group, LLC (the "Debtor's Claims");

     **WHEREAS**, InBloom Group, LLC asserts that the Debtor owes it money in the amount

of $12,784.00 (the "Buyer's Claims")(the Debtor's Claims and the Buyer's Claims shall be

referred to herein as the "Claims");

     **WHEREAS**, the Trustee was recently contacted by the Buyer who offered to purchase

the Estate's 43.15% ownership interest in InBloom Group, LLC for $50,000.00 (the "Offer");

     **WHEREAS**, after an extensive review of InBloom Group, LLC's finances and

accounting records, the Trustee believes that the Offer is the best way to monetize the Estate's

interest in InBloom Group, LLC and thus, it is in the best interest of the Estate and all creditors

to accept the Offer, subject to Bankruptcy Court approval;

     **WHEREAS**, given, among other things: (a) the uncertainty and expense of litigation and

(b) the potential defenses which the Defendant may assert, the Parties have agreed to settle the

Claims on the terms and conditions set forth herein.

<u>**AGREEMENT**</u>

     **NOW, THEREFORE**, in consideration of the foregoing, the mutual covenants and

considerations set forth herein, and for other good and valuable consideration, the receipt and

sufficiency of which are hereby acknowledged, the Parties agree to the following terms and

conditions:

1.      **RECITALS**: The Trustee and Buyer agree that the recitals above are true and correct.

2.      **SALE OF THE ESTATE'S RIGHT, TITLE AND INTEREST**: Buyer agrees to buy, and the Trustee agrees to sell (the "Proposed Sale"), all of the Estate's right, title and interest in InBloom Group, LLC and the Claims for the sum of $50,000.00, in cleared funds (the "Purchase Price") subject to approval by the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court").

3.      **SALE TERMS AND CONDITIONS**: The Proposed Sale shall be subject to the entry of a final, non-appealable Bankruptcy Court Order approving the Proposed Sale pursuant to 11 U.S.C. § 363 (the "Approval Order").

4.      **PAYMENT**: Defendant agrees to pay to the Trustee, and the Trustee agrees to accept the Purchase Price immediately upon the entry of the Approval Order. Payment shall be in the form of a check made payable to "Ross R. Hartog, Trustee" and shall be delivered to the Trustee, c/o John H. Lee, Esquire, Markowitz, Ringel, Trusty, & Hartog, P.A., 9130 South Dadeland Blvd., Suite 1800, Miami, Florida 33156. Upon (1) entry of the Approval Order and (2) receipt of the $50,000.00 Purchase Price in full, the Trustee will execute any and all documents necessary to issue the Estate's stock and ownership interest in InBloom Group, LLC to the Buyer.

5.      **CLAIM**: The Parties agree that the Buyer and its principals hold no claim in the above captioned case, and is entitled to no distribution from the Estate. In addition the Buyer and its principals wave any rights they may possess pursuant to 11 U.S.C. § 502.

6.      **RELEASE BY THE TRUSTEE**: In consideration for the settlement of the Claims herein outlined and covenants contained in this Agreement, the Trustee, on behalf of the

Estate, upon (i) execution of this Agreement, (ii) entry of the Approval Order and (iii) receipt of the Settlement Amount, hereby releases the Buyers and Buyer's Principals from any and all claims, counterclaims, avoidance actions, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities, accounts, offsets, rights, actions and causes of action for contribution and indemnity, whether arising at law or in equity, including without limitation, claims arising from or related to any act, omission, communication, transaction, occurrence, representation, misrepresentation, deceit, statement, promise, damage, breach of contract, fraud, commission of any tort, violation of any state or federal law, or usury, whether presently possessed or possessed in the future, whether known or unknown, whether liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, and whether or not heretofore asserted, or any other matter whatsoever or thing done, omitted or suffered to be done by the Buyer and its principals that the Trustee and the Bankruptcy Estate may possess against the Buyer and Buyer's Principals arising from or related to the Bankruptcy Case and the Debtor's Claims. **This release shall not include and does not affect Buyer's obligations to the Trustee and the Estate pursuant to this Agreement.**

7.    **RELEASE BY THE BUYER:** In consideration for the settlement of the Claims herein outlined and covenants contained in this Agreement, Buyer and Buyer's Principals, upon entry of the Approval Order, hereby releases the Trustee and the Bankruptcy Estate, and their respective successors, assigns, officers, managers, directors, shareholders, employees, agents, attorneys, representatives and affiliates (collectively referred to as the "Trustee Released Parties"), jointly and severally from any and all claims, counterclaims, avoidance actions, demands, damages, debts, agreements, covenants, suits, contracts, obligations, liabilities,

accounts, offsets, rights, actions and causes of action for contribution and indemnity, whether arising at law or in equity, including without limitation, claims arising from or related to any act, omission, communication, transaction, occurrence, representation, misrepresentation, deceit, statement, promise, damage, breach of contract, fraud, commission of any tort, violation of any state or federal law, or usury, whether presently possessed or possessed in the future, whether known or unknown, whether liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, foreseen or unforeseen, and whether or not heretofore asserted, or any other matter whatsoever or thing done, omitted or suffered to be done by any of the Trustee Released Parties that the Buyer and Buyer's Principals may possess against the Trustee Released Parties including but not limited to (i) any and all claims arising from or related to the Bankruptcy Case and the Buyer's Claim, and (ii) any rights under 11 U.S.C. § 502. **This release shall not include and does not affect the Trustee's obligation to the Buyer pursuant to this Agreement.**

8.    **CHOICE OF LAW**: This Agreement shall be construed in accordance with the laws of the State of Florida, both substantive and remedial.

9.    **ENTIRE AGREEMENT**: This Agreement represents the entire understanding and agreement between the Parties, and supersedes any and all other agreements, either oral or in writing, between the Parties hereto with respect to the subject matter hereof. The Parties stipulate and agree that no promise, warranty, representation, inducement or agreement, written or oral, not expressed or referred to in this Agreement, has been made and/or relied upon.

10.    **MODIFICATIONS**: This Agreement may not be modified or amended in any respect whatsoever, except by a writing signed by all of the Parties.

11.    **FAX COUNTERPARTS:**  This Agreement may be executed in separate counterparts and facsimile signatures shall be deemed originals.

12.    **WAIVER:**  No waiver of any provisions of this Agreement shall be valid unless in writing and signed by the party against whom charged.

13.    **BINDING EFFECT:**  This Agreement, upon execution, is binding upon the Parties hereto, their heirs, successors, and assigns.

14.    **REPRESENTATION AND WARRANTIES:**  The Parties mutually represent and warrant that (i) they have full power and authority to negotiate, execute and perform the terms and provisions of this Agreement; (ii) the execution of this Agreement does not put either of the Parties in violation of any agreements to which they are a party; and (iii) the Agreement is duly executed and delivered by the Parties and constitutes a legal, valid, and binding obligation enforceable in accordance with the terms hereof.

15.    **NO SEVERABILITY:**  If any part of this Agreement is deemed to be invalid in any court of law, the remaining provisions of this Agreement will thereby also be rendered invalid and of no effect, and may not be enforced.

16.    **ENFORCEMENT:**  Each party may enforce this Agreement as a valid contract, and may obtain any lawful remedy including injunctive relief enforcing this Agreement.  The Parties agree that the Bankruptcy Court has personal jurisdiction over the Parties, and shall retain jurisdiction to enforce the terms of this Agreement.

17.    **DRAFTING, ADVICE OF COUNSEL, AND VOLUNTARY EXECUTION:**  The Parties acknowledge and agree that (i) each of the Parties has read, fully understands, and agrees to each page of this Agreement; (ii) each of the Parties has had the benefit of the advice of counsel and has signed the Agreement only after due consideration and consultation with its

respective attorneys; (iii) each of the Parties has participated fully in negotiating and drafting the terms hereof; and (iv) each of the Parties has entered into this Agreement freely, voluntarily, without duress, coercion or fraudulent inducement, and for valuable consideration. Accordingly, this Agreement shall not be more strictly construed against either of the Parties than against the other.

18.    **CONSIDERATION:**  The Parties hereto acknowledge and agree that each is foregoing certain rights and assuming certain duties and obligations, which, but for this Agreement, would not have been foregone or assumed. Accordingly, the Parties agree that this Agreement is fully and adequately supported by consideration and is fair and reasonable in all of its terms.

19.    **ATTORNEYS' FEES AND COSTS:**  Each of the Parties agrees to bear its own respective attorneys' fees, costs and expenses incurred in connection with the subject matter addressed in this Agreement, as well as in connection with the negotiation and preparation of this Agreement.

20.    **APPROVAL ORDER:**    The Trustee shall promptly seek the entry of an Approval Order from the Bankruptcy Court.

21.    **BEST EFFORTS AND OTHER OBLIGATIONS:**  The Parties shall use their best efforts to obtain an Approval Order. Without limiting the foregoing, the Parties shall not take, or cause any persons or entities to take, any actions calculated or intended to decrease the likelihood of obtaining such Approval Order.

**[SIGNATURES ON FOLLOWING PAGE]**

**THE FOREGOING IS ACCEPTED AND AGREED TO BY:**

Dated:  this _18_ day of September, 2015

_____
Infibom Group LLC
Title: _PRESIDENT_
2500 NW 79 Ave., Suite 215
Doral, FL 33122

Dated:  this ___ day of September, 2015

_____
Ross R. Hartog, as Chapter 7 Trustee of
the Bankruptcy Estate of Alina Alvarez
Lujardo
9130 South Dadeland Blvd., Suite 1800
Miami, FL 33156
Telephone: (305) 670-5000
Facsimile: (305) 670-5011

Dated:  this ___ day of September, 2015

_____
Fernando Pallares

Dated:  this _18_ day of September, 2015

_____
Flavio Ullivarri

Dated:  this _18_ day of September, 2015

_____
Hortensia Ulivarri

Dated:  this ___ day of September, 2015

_____
Jorge Livermore

Dated:  this ___ day of September, 2015

_____
Pablo Egas

**THE FOREGOING IS ACCEPTED AND AGREED TO BY:**

Dated:  this ___ day of September, 2015

Dated:  this ___ day of September, 2015

_____

InBloom Group LLC
Title:
2500 NW 79 Ave., Suite 215
Doral, FL 33122

_____

Ross R. Hartog, as Chapter 7 Trustee of
the Bankruptcy Estate of Alina Alvarez
Lujardo
9130 South Dadeland Blvd., Suite 1800
Miami, FL 33156
Telephone: (305) 670-5000
Facsimile: (305) 670-5011

Dated:  this _19_ day of September, 2015

Dated:  this ___ day of September, 2015

_____

Fernando Pallares

_____

Flavio Ulivarri

Dated:  this ___ day of September, 2015

Dated:  this ___ day of September, 2015

_____

Hortensia Ulivarri

_____

Jorge Livermore

Dated:  this ___ day of September, 2015

_____

Pablo Egas

**THE FOREGOING IS ACCEPTED AND AGREED TO BY:**

Dated: this ___ day of September, 2015

Dated: this ___ day of September, 2015

_____
InBloom Group LLC
Title:
2500 NW 79 Ave., Suite 215
Doral, FL 33122

_____
Ross R. Hartog, as Chapter 7 Trustee of
the Bankruptcy Estate of Alina Alvarez
Lujardo
9130 South Dadeland Blvd., Suite 1800
Miami, FL 33156
Telephone: (305) 670-5000
Facsimile: (305) 670-5011

Dated: this ___ day of September, 2015

Dated: this ___ day of September, 2015

_____
Fernando Pallares

_____
Flavio Ullivarri

Dated: this ___ day of September, 2015

Dated: this _19_ day of September, 2015

_____
Hortensia Ulivarri

_____
Jorge Livermore

Dated: this ___ day of September, 2015

_____
Pablo Egas

THE FOREGOING IS ACCEPTED AND AGREED TO BY:

Dated: this ___ day of September, 2015

Dated: this ___ day of September, 2015

InBloom Group LLC
Title:
2500 NW 79 Ave., Suite 215
Doral, FL 33122

Ross R. Hartog, as Chapter 7 Trustee of
the Bankruptcy Estate of Alina Alvarez
Lujardo
9130 South Dadeland Blvd., Suite 1800
Miami, FL 33156
Telephone: (305) 670-5000
Facsimile: (305) 670-5011

Dated: this ___ day of September, 2015

Dated: this ___ day of September, 2015

_____
Fernando Pallares

_____
Flavio Ullivarri

Dated: this ___ day of September, 2015

Dated: this ___ day of September, 2015

_____
Hortensia Ulivarri

_____
Jorge Livermore

Dated: this ___ day of September, 2015

_____
Pablo Egas