

**ORDERED in the Southern District of Florida on January 14, 2016.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

| IN RE: | CASE NO.: 15-13429-AJC |
|---|---|
| **ALINA ALVAREZ LUJARDO** | Chapter 7 |
| Debtor./ | |

### ORDER GRANTING TRUSTEE'S MOTION
### FOR ENTRY OF AN ORDER APPROVING (1) SALE OF REAL PROPERTY
### FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES
### BY PRIVATE SALE AND (2) DISBURSEMENTS AT CLOSING ON SALE

THIS CAUSE came before the Court on December 22, 2015, at 2:00 p.m., upon the

*Trustee's Motion for Entry of an Order Approving (1) Sale of Real Property Free and Clear of*

*Liens, Claims, and Encumbrances by Private Sale and (2) Disbursements at Close on Sale* (the

"Motion") [ECF 94] and *Objection to Trustee's Motion for Entry of an Order Approving (1) Sale*

*of Real Property Free and Clear of Liens, Claims, and Encumbrances by Private Sale and (2)*

*Disbursements at Close on Sale* (the "Objection") [ECF 103] filed by BSI Financial Services as

servicing agent for HMS Assets, LLC solely in its capacity as separate trustee.  The Court, having considered the Motion, Objection, argument of counsels, and otherwise advised in the premises, finds good cause to grant the Motion.  Accordingly, it is **FOUND AND DETERMINED THAT**:[1]

A.     This Court has jurisdiction over this case and this proceeding pursuant to 28 U.S.C. § 1334 and the *Order of Reference* entered by the United States District Court for the Southern District of Florida on March 21, 2012. *See* Administrative Order 2012-25.

B.     This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (M), (N) and (O).

C.     Venue of this case and proceeding is proper within this district pursuant to 28 U.S.C. §§ 1408 and 1409.

D.     The Motion sought relief pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014.

E.     On February 25, 2015 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code [ECF No. 1].

F.     Ross R. Hartog was appointed as the Chapter 7 Trustee (the "Trustee").

G.     As of the Petition Date, the Debtor had an interest in real property located at 8777 Collins Ave., #603, Surfside, FL 33154 (the "Real Property") with the following legal description:

> Condomininm Unit No. 603, Champlain Towers South Condominium, according to the Declaration of Condomlninm thereof, as recorded in Official Records Book 11191, Page 35, of the Public Records.

H.     HMC Assets LLC as trustee for CAM XII Trust is the holder of a mortgage lien (the "Loan") recorded in the public records of Miami-Dade County at Official Records Book

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. *See* Fed. R. Bankr. P. 7052.

24535, Page 376.  BSI Financial Services, Inc. ("BSI" and, together with the foregoing, the "Lender") serves as the mortgage servicer.

      I.      Champlain Towers South Condominium Association, Inc. (the "HOA") is owed money for unpaid assessments, and has a lien on the Real Property (the "HOA Lien").

      J.      The Real Property may also be encumbered by the following liens, claims and encumbrances:

      1.      Citibank, N.A. ("Second Mortgage")

      2.      Discovery Bank ("Final Judgment against Debtor")

      K.      Other than the Loan, Second Mortgage, Final Judgment against Debtor, and the HOA Lien, there are no other liens, claims, or encumbrances on the Real Property.

      L.      On October 21, 2015, the Trustee filed the Motion and on November 24, 2015, properly served a copy of the Motion and the related notice of hearing [ECF No. 107] upon all creditors and other parties in interest.  *See Certificate of Service*, ECF Nos. 96, 104, and 107.

      M.      On December 22, 2015, the Court conducted a hearing on the Motion (the "Sale Hearing").

      1.      As evidenced by the certificates of service filed with the Court and based upon representations of counsel, due, proper, timely, adequate and sufficient notice of the Motion, the proposed sale of the Real Property (the "Sale"), and hearing to approve the Sale has been provided. All creditors and parties in interest were afforded an opportunity to object and be heard.  Accordingly this Court finds that Trustee satisfied the requirements of Section 363(f) as the other non-objecting interested parties have consented to the Sale.  *Futuresource LLC v. Reuters Limited*, 312 F.3d 281, 285 (7th Cir. 2002).  *See In re Harbour East Development, Ltd.*, WL 1851015, *12 (Bankr. S.D.Fla. 2012) (Not Reported in B.R.);

*BAC Home Loans Servicing LP v. Grassi*, WL 6096509, *5 (1st BAP 2011) (Not Reported in B.R.).

N.      The Trustee advised that he believes the written offer submitted by David Ustaev and Boris Ustaev (the "Buyer") pursuant to the *"As Is" Residential Contract for Sale and Purchase* attached to the Motion as Exhibit 3*,* including all addendums or modifications thereto (the "Contract") was a fair and reasonable offer, in the amount of $485,050.00. *See* ECF No. 94, Exh. 3.

O.      The offer submitted by the Buyer was the result of good faith, arms' length negotiations with the Trustee.

P.      The Buyer is not an "insider" of the Debtors, and thus, the Buyer is a good faith purchaser entitled to the protections afforded under 11 U.S.C. § 363(m).

Q.      Upon consideration of the facts of this case, the Court finds that the Trustee's business judgment to sell the Real Property is sound, and the sale of the Real Property is in the best interests of the estate.

R.      The Trustee obtained a fair and reasonable price for the Real Property.

S.      Furthermore, the Lender is a secured lender and any other liens, claims, and encumbrances held by other parties (namely the Second Mortgage, Final Judgment against Debtor, and HOA Lien) are inferior to the First Mortgage and are therefore wholly unsecured (collectively, the "Junior Lienholders").[2]

**FOR THE FOREGOING REASONS, IT IS ORDERED** as follows:

1.      The Motion is **GRANTED**.

2.      Pursuant to 11 U.S.C. §§ 105 and 363(b) and 363(f), the Trustee is authorized to

---

[2] The Trustee negotiated a settlement with the HOA to reduce its lien balance to $8,000.00.  Accordingly the Trustee will be filing an addendum to the listing agreement and seeking approval of a revised HUD.

sell and transfer to the Buyer all of the Trustee's right, title, and interest in the Real Property according to the terms of the Contract, free and clear of all liens, claims, encumbrances and interests in the Real Property (collectively, the "Liens").  The Loan shall attach to the proceeds of the Sale as provided herein and the sole remedy, if any, of the Junior Lienholders, if any, are general unsecured claims in the bankruptcy estate, except as set forth below.

3.      The Sale of the Real Property is "as is, where is," with no representations or warranties of any type being given by the Trustee and/or his employees, agents, professionals, or representatives, including, but not limited to, his attorneys.

4.      The Sale is subject to either (1) payment of the Loan in full or (2) authorization by the Lender to proceed with a short-sale of the Real Property.  Accordingly the Sale or any provisions of the HUD shall not be binding upon BSI unless approved by the Lender.

5.      At the closing on the Sale, the Trustee is authorized to pay the Lender, or its assigns, who holds a first lien on the Real Property, the proceeds of the Sale, minus: (a) 6% of the Purchase Price,[3] representing amounts carved out for the benefit of the Debtor's bankruptcy estate; and (b) the amounts referenced in paragraph 7 below.

6.      In the event the Sale of the Real Property does not take place, BSI shall retain its lien for the full amount due under the Loan.

7.      In addition to the foregoing disbursements, the Trustee is authorized to pay all other required taxes, fees, costs or assessments, or to make ordinary adjustments for such items as ordinarily reflected on a HUD-1 settlement statement, including attorneys' fees. The Trustee is further authorized to disburse the fees and costs due to Jose Carlos Blanco and Blanco Realty

---

[3] Although the proposed HUD attached to the Motion as Exhibit 1 contemplates a 6% carve-out for the Estate, BSI has requested a reduced carve-out to 5% of the Purchase Price.  Accordingly the Trustee will be filing an addendum to the listing agreement and seeking approval of a revised HUD and reduction of the anticipated carve-out.

Services as the Trustee's real estate broker in accordance with the terms of employment previously approved by the Court. *See* ECF Nos. 38 and 50. In addition, the Trustee is authorized to disburse to the HOA the amount of $8,000.00, on account of the HOA Lien, as reflected on a revised HUD-1 settlement statement. Such amount shall constitute payment in full of the HOA Lien.

8.      The Trustee and Buyer are authorized to execute, deliver, perform, consummate, and implement all of the terms and conditions of the Contract, and to take all actions necessary or appropriate to effectuate the transactions contemplated therein.

9.      The Debtor shall cooperate with consummation of the Sale, and shall take all necessary and appropriate actions to effectuate the Sale transaction, including, but not limited to, signing documents.

10.     At closing, the Trustee shall convey title to the Property by executing a Trustee's Deed or quit claim deed. The Trustee will not be required to deliver any other documents to consummate the Sale.

11.     Subject to the Closing terms provided for under the Contract, the transfer of the Property shall be a legal, valid, and effective transfer of the Property and shall vest the Buyer with all of the Trustee's and Debtor's right, title, and interest in the Property.

12.     The Buyer shall be entitled to the protection of the good faith purchaser for value under 11 U.S.C. § 363(m), if this Order or any authorization contained herein is reversed or modified on appeal. The sale is not subject to avoidance pursuant to 11 U.S.C. § 363(n).

13.     Upon the Trustee's payment to the Lender at closing of the amounts referenced in paragraph 5, any claim of the Lender against the bankruptcy estate regarding the Property shall be deemed satisfied.

14.     Each and every federal, state, local, municipal, or other governmental agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Motion and this Order.

15.     The 14-day stay of this Order under Bankruptcy Rule 6004(h) is waived.

16.     Each party shall bear their own attorneys' fees and costs incurred regarding the Motion.

17.     The Court retains jurisdiction to hear any matter or dispute arising from or relating to the Sale and implementation of this Order.


# # #


Submitted by:
John H. Lee, Esq.
Markowitz, Ringel, Trusty & Hartog, P.A.
*Counsel to Chapter 7 Trustee*
9130 South Dadeland Boulevard, Suite 1800
Miami, Florida  33156
Tel: (305) 670-5000

Copies to:
John H. Lee, Esq.
*(Attorney Lee is directed to mail a copy of this Order to all interested parties and to file a certificate of service).*

636737