

ORDERED in the Southern District of Florida on June 8, 2018.

_A. Jay Cristol_
**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In Re:                                              Case No.  15-13429-AJC
Alina Alvarez Lujardo                    Chapter 7


                    Debtor(s)                    /


### ORDER AWARDING FINAL TRUSTEE'S
### AND PROFESSIONAL'S  FEES AND EXPENSES

THIS MATTER came before the court upon the final application for compensation and expenses [ECF # 131, 132] filed by trustee, Ross R. Hartog, the final application for compensation and expenses [ECF # 126, 132] filed by MRTH PA, attorneys for the trustee, and the final application for compensation and expenses [ECF # 128, 132] filed by KapilaMukamal LLP, accountant for the trustee. After notice to all creditors (if applicable), the court has considered the applications and finds that the following allowances are reasonable under the applicable provisions of the Bankruptcy Code. Therefore, it is **ORDERED** as follows:

1. Ross Hartog, Trustee is allowed total final fees of $6,000.00 and total final expenses of $187.73, which include the fees and expenses sought in the pending application and all previously awarded interim fees and expenses, if any.

2. MRTH PA, Attorney for Trustee is allowed total final fees of $26,000.00 and total final expenses of $3,485.01, which include the fees and expenses sought in the pending application and all previously awarded interim fees and expenses, if any.

3. KapilaMukamal LLP, Accountant for Trustee is allowed total final fees of $9,000.00 and total final expenses of $40.32, which include the fees and expenses sought in the pending application and all previously awarded interim fees and expenses, if any.

The trustee is authorized to make the balance of payments set forth in this order or to pay the awards pro rata if there are insufficient funds.

In allowing the foregoing fees, the court has considered the criteria specified in 11 U.S.C. §§ 326, 328 and 330, and the requirements of Bankruptcy Rule 2016, in light of the principles stated in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986); *Hensley v. Eckerhard*, 461 U.S. 424, 433 (1983); and *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1291 (11th Cir. 1988).

###

Copy furnished to:

Ross R. Hartog, Chapter 7 trustee

The trustee shall serve a copy of this order on all required parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).